## Shaaber et al. *versus* Bushong & Bro.

1. One partner cannot, in the absence of special authority, bind his co-partners jointly with himself, to pay the debt of another.

2. A promise to pay a note out of money belonging to the maker which might be in the hands of the promissor at the maturity of the note, and if that fund be insufficient, that the firm of which the promissor was a member would pay the same, is a promise to pay the debt of another within the Statute of Frauds.

March 3, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Berks county :* Of January Term, 1884, No. 330.

This was an action of debt, by Jacob Bushong and Henry Bushong, doing business as Bushong & Bro., against Daniel Shaaber, Adam Johnston and Henry Johnston, late trading as Shaaber, Johnston & Co., upon the following note :

No. 165.	Office of the Berks County Railroad Co., Reading, May 13th, 1874.

Three months after date the Berks County Railroad Company promises to pay to the order of Shaaber, Johnston & Co., Ten Hundred and Twenty-One $\frac{42}{100}$ Dollars, without defalcation for value received, payable at the office of said company, Reading, Pa.

$1,021.42.	FRANK C. SMITH, Treas.
HENRY BUSHONG, Pres.

Indorsed, SHAABER, JOHNSTON & CO.

Pleas, nil debet, payment with leave, etc., set-off.

On the trial, before SASSAMAN, J., it appeared that the plaintiffs, a private banking firm, had discounted the note, and that the railroad company having made default, the note was protested, and this suit was brought against the defendants as indorsers.

The defendants made the following offer of evidence:

" Daniel Shaaber, one of the surviving partners of the firm of Shaaber, Johnston & Co., having been called as a witness and sworn, it is proposed to show, that the note in suit was given under the following circumstances, to wit: The late banking firm of Bushong & Brother, plaintiffs in this suit, was composed of Henry Bushong and Jacob Bushong, who were also at the time of the giving of the note, officers of the Berks County Railroad Company, as follows: Henry Bushong, President, and Jacob Bushong, one of the directors of said Company; that the said Henry Bushong was not only the principal man in the said Berks County Railroad Company, but was also the business agent and manager of the said banking firm of Bushong & Brother. That the firm of Shaaber, Johnston & Co., the defendants, were, at the time, carrying on the Franklin Iron Works at Reading, Pa., and were from time to time manufacturing cars for the said Berks County Railroad Company, which Company was at the time heavily indebted to the said firm of Shaaber, Johnston & Co. That the note in suit was given in renewal of a former note, which had been given to said Shaaber, Johnston & Co., for cars and supplies furnished to the Berks County Railroad Company. That on the day the said original note fell due the said Henry Bushong, the signer of the note as President of said Berks County Railroad Company, and the business agent and general manager of said banking firm of Bushong & Brother, sent for the witness, Daniel Shaaber, the general business manager of the firm of Shaaber, Johnston & Co., requesting him to call at the banking house of Bushong & Brother. That the said Daniel Shaaber did call as requested, met the said Henry Bushong and was then and there urged by the said Henry Bushong to renew the note. That the said Daniel Shaaber refused to do so for the reasons as stated, that the said Berks County Railroad Company was then indebted to them in a very large amount, and he wanted that note paid out of the funds of the Berks County Railroad Company upon deposit at that very time in the said bank of Bushong & Bro. That the said Henry Bushong acting as aforesaid, then and there urged the said Daniel Shaaber to renew the said note, as a special accommodation to him, and that then the said Daniel Shaaber endorsed said note, only however upon the express promise then and there made, that when the said note fell due, it would be paid by the said Henry Bushong & Bro., out of any monies of the Berks County Railroad Company which might then be deposited in said bank of Bushong & Bro., and that in the event of not enough money being on deposit to the

credit of the said Berks County Railroad Company, that then the said Henry Bushong & Bro. would pay the note themselves.

"This is all offered for the purpose of showing that there was no consideration for the note in suit, that Shaaber, Johnston & Co., were mere accommodation indorsers, and that so far as this note was concerned, the maker and indorser were one and the same person."

Objected to. (1) As irrelevant; (2) Because the alleged parol promise is to pay the debt of another within the Statute of Frauds, and (3) Because said promise was without consideration, and therefore *nudum pactum*.

THE COURT.—" As this offer now appears to my mind, I am under the impression that 'if the whole offer were admitted and proven I would be obliged to say to the jury that Henry Bushong, while a competent agent for the firm of Bushong & Brother for all purposes of the business of the banking firm, he would be incompetent to make a binding assumption to pay this note for a corporation maker to the indorsing firm. Hence it would be irrelevant. Rejected and bill sealed for defendants."

Verdict and judgment for the plaintiffs. The defendants took this writ of error, assigning for error the rejection of the above offer of evidence.

*Frank R. Schell*, for the plaintiffs in error.—The promise in this case was an original one, and not within the Statute of Frauds. When the original note matured, the Bushongs had in their hands sufficient money belonging to the makers to pay it, and it was renewed at the request and for the accommodation of Bushong & Bro., and solely in consideration of their promise, which was in effect, merely a promise to pay their own debt. The case is ruled by: Malone *v.* Keener, 8 Wr., 107; Jefferson County *v.* Slagle, 16 P. F. S., 202; Merriman *v.* McManus, 13 W. N. C., 155; Dock *v.* Boyd, 12 Norris, 92; Shoemaker *v.* King, 4 Wr., 110; Stoudt *v.* Hine, 9 Wr., 31; Maule *v.* Bucknell, 14 Wr., 52. The decisions that an officer of a corporation cannot bind the company do not apply to the case of a partnership, wherein each partner is the agent of all the other partners.

*Jeff. Snyder* and *Geo. F. Baer*, for the defendants in error.

The opinion of the court was filed March 17, 1884.

PER CURIAM. It was not within the general scope of the business of the firm for one partner to bind his co-partner jointly with himself to pay this debt of another. No special authority from his co-partner to do so is alleged.

The offer is not to prove a contract to pay the note out of money in possession of the defendants in error, at the time the promise was made, but out of money of the maker which might be in their hands when the note became due. The offer is not to prove that any money of the maker was in the possession or control of the maker when the note matured. The alleged contract is therefore to pay the debt of another, and is invalid under the statute: Townsend *v.* Long, 27 P. F. Smith, 143; Justice *v.* Tallman, 5 Norris, 147.

Judgment affirmed.