## Boyd *v.* Thompson & Coxe.
## Mann's Appeal.   Coxe's Appeal.
[Marked to be reported.]

*Partnership—Instruments under seal—Power of a partner to execute— Executed and executory contracts.*

A partner may execute in the firm name all instruments which fall within the scope of its business, such as receipts, bills of sale, notes, etc., and whether he appends a seal or not is wholly unimportant, as such instruments evidence a past transaction and impose no new liability.

*Confession of judgment—Warrant of attorney under seal.*

In like manner a partner, by a warrant of attorney under seal, may confess a judgment against the firm for a firm debt which will justify the levy and sale of the goods of the firm and his own in payment thereof. In so doing he imposes no new or original liability on his firm, for the debt was already due from it. In that sense the judgment is not an executory contract to be performed in the future but a mode of payment for a debt contracted in the past, the consideration of which the firm has already enjoyed. The fact, therefore, that the warrant of attorney to confess the judgment is under seal does not change the nature of the instrument; the seal is unnecessary—it does not change the remedy, or affect the statute of limitations or the order of proof.

*Separate estate of partners.*

But the implied power of a partner does not extend to the separate estates of his copartners, and for that reason such a judgment will be vacated on their application so far as they individually are concerned, or their individual estates, real or personal: McNaughton's Ap., 101 Pa. 550, followed.

*Executory contracts under seal.*

It would seem that where the contract is executory, as for example a contract to deliver goods in the future, the execution of such a contract under seal changes the nature of the undertaking, imports a consideration and extends the statute of limitations, and therefore is not within the power of any one partner: Schmertz v. Shreeve, 62 Pa. 457, followed.

Argued Jan. 17, 1893.   Appeal, Nos. 164 and 165, July T., 1892, by Jacob Mann, trustee, a creditor of defendants, and W. W. Coxe, from orders of C. P. No. 4, Phila. Co., March T., 1892, Nos. 910 and 911, refusing to strike off judgments and set aside executions in favor of Boyd, Harley & Co., and Dornan Bros., plaintiffs, against Thompson & Coxe, defendants. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM, MITCHELL and DEAN, JJ.

Rules to strike off judgments, etc.

By depositions presented at the hearing of the rules the following facts appeared :

James R. Thompson and W. W. Coxe, under the firm name of Thompson & Coxe, were dealers in carpets in the city of Philadelphia.

On May 19, 1892, a sealed note, signed Thompson & Coxe, promising to pay $6,770.62 on demand to Boyd, Harley & Co., was delivered to the latter by James R. Thompson, who alone had executed and sealed the same.   This note contained a warrant of attorney to enter judgment for the amount thereof, by virtue of which judgment was entered on the same day.   Damages were assessed for the amount thereof, with an attorney fee of five per cent for collection, namely, for $7,108.72.   On the same day writs of fi. fa. and attachments sur judgment were issued.   These writs were levied upon partnership assets belonging to Thompson & Coxe.

On the same day a similar sealed note, with similar warrant of attorney for $4,607.16, was executed and delivered by Thompson alone to Dornan Bros.   On the same day judgment was entered for the amount of said note, with an attorney fee of five per cent for collection added, viz., for $4,837.51. Upon this writs of fi. fa. and attachments sur judgment were issued, which were also levied upon partnership assets of Thompson & Coxe.

May 23, 1892, rules were taken, one by W. W. Coxe and the other by Jacob Mann, trustee, an execution creditor, in each of the cases, to strike off the judgments, or to open the same as to W. W. Coxe and as to the firm of Thompson & Coxe, and to set aside executions issued thereunder.

By the depositions it appeared that Thompson had executed

these judgment notes without any prior, or subsequent, authority of Coxe, and without his knowledge or assent; and that the amounts for which they were confessed were owing but "not actually due."

Judgments were entered in the court below, not against James R. Thompson and W. W. Coxe, trading as Thompson & Coxe, but against "Thompson and Coxe."

The judgment notes were in the following form:

"$6,770.62.          PHILADELPHIA, Pa., May 19th, 1892.

"On demand we promise to pay to Robert H. Boyd, Milton Harley and George C. Boyd, trading as Boyd, Harley & Co., or their assigns, six thousand and seven hundred and seventy and sixty-two one hundredths dollars, without defalcation, value received, with interest. And further, we do hereby authorize and empower any attorney of any court of record of Pennsylvania, or elsewhere, to appear for and to enter judgment against us for the above sum, with or without declaration, with costs of suit, release of errors, without stay of execution, and with five per cent added for collecting fees; and we do hereby agree and direct that said fees shall be taxed and regarded as liquidated damages, and not as a penalty; and we also waive the right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same, and authorize the Prothonotary to enter upon the fi. fa. said voluntary condemnation, and we further agree that said estate may be sold on a fi. fa., and we hereby waive and release all relief from any and all appraisement, stay or exemption laws of any state now in force or hereafter to be passed.

                                   "THOMPSON AND COXE. [L. S.]
          "Witness:
"ALLEN H. GANGEWER."

The court refused to open the judgment as to Thompson & Coxe, and also refused to set aside the executions. Mann and Coxe appealed.

*Errors assigned* were, (1) refusal to strike off judgment against Thompson & Coxe; (2) refusal to set aside execution against firm assets.

*John G. Johnson,* with him *John Sparhawk, Jr.,* and *L. W. Barringer,* for appellants.—1. No property belonged to Thomp-

son & Coxe, but to the individuals trading under that name, and therefore no execution could issue on such judgments: Reigart v. Ellmaker, 6 S. & R. 44; Frankem v. Trimble, 5 Pa. 520; McKinney v. Mehaffey, 7 W. & S. 276; Morse v. Chase, 4 Watts, 456; McDonald v. Simcox, 98 Pa. 620.

2. The judgment notes were void against the partnership: Hart v. Withers, 1 P. & W. 285; Bewley v. Tams, 17 Pa. 485; Snyder v. May, 19 Pa. 235; Potter v. McCoy, 26 Pa. 462; Livingston v. Roosevelt, 1 Am. L. Cas. 507, 5th ed. Swisshelm v. Swissvale, 95 Pa. 367, and Strowbridge Co. v. Gallagher, 2 C. C. R. 356, were actions on contracts under seal, by an agent with full authority to contract but not under seal and the seals were held to be surplusage. Grier v. Hood, 25 Pa. 430; Bank's Ap., 36 Pa. 458; Dubois's Ap., 38 Pa. 231, were cases where the legal effect was not changed by the seal. In our case the seal altered the condition of the obligation. The authority of Schmertz v. Shreeve, 62 Pa. 457, has never been doubted: Ash v. Guie, 97 Pa. 500. Hershey v. Fulmer, 3 C. C. R. 444, is not good law.

*E. Cooper Shapley,* with him *Allen H. Gangewer* and *J. B. Colahan, Jr.,* for appellee.—Partnership property may be taken upon execution on judgment confessed by one partner for a firm debt: McCleery v. Thompson, 130 Pa. 443; McNaughton's Ap., 101 Pa. 554; Grier v. Hood, 25 Pa. 430; Ross v. Howell, 84 Pa. 129. The name "Thompson & Coxe" is unimportant, the identity of the persons is the only question: Porter v. Cresson, 10 S. & R. 259.

The cases cited by appellants in their first point may be distinguished. As to second point, on authority of Schmertz v. Shreeve an executed contract may be evidenced by instrument under seal by one partner: Bank's Ap., 85 Pa. 528.

OPINION BY MR. JUSTICE WILLIAMS, January 30, 1893:

These cases depend on the same questions. The ·difficulty thought to be encountered in them is much more apparent than real. There is a long line of cases among which is Schmertz v. Shreeve, 62 Pa. 457, holding that one partner cannot bind his partners or his firm by a deed or other instrument under seal by virtue of his implied power as a member of the firm to represent it. There is another line of cases which hold that a

judgment confessed by one partner for a partnership debt will
authorize a levy and sale of goods belonging to the firm as well
as the separate goods of him who confessed the judgment.
Perhaps the most recent of these is McCleery v. Thompson, 130
Pa. 443.   The apparent inconsistency between these lines of
decisions will disappear when the cases themselves come to be
examined and the real point in controversy ascertained.   Thus
Schmertz v. Schreeve, supra, was an action on an executory
contract, under seal, for the future delivery of oil at the city
of Pittsburgh.   A seal was not necessary to the proper execu-
tion of such a contract, but if the partner had the power to bind
the firm by its use he changed the nature of the undertaking;
for the seal imported a consideration, and would prevent the
running of the statute of limitations applicable to the case of a
simple contract.   The question was therefore one of the power
of a partner so to bind his firm.   The opinion of this court was
delivered by Justice SHARSWOOD, who said in substance that as
the contract was executory the question whether a seal was
necessary to its valid execution was unimportant.   The con-
trolling question was whether one partner could bind the part-
nership by an executory contract under seal.   " Executed
contracts, such as assignments," said he, " stand on another
ground.   They form but the evidence of the act.   The sale
and delivery of merchandise, for example, is within the implied
power of one partner.   That he superadds a bill of sale or
transfer under seal is but evidence of the act of disposition,
and does not change its nature."   The seal is unnecessary upon
such an instrument and its presence neither adds to nor modifies
in any measure its legal effect.

   Now the implied power of a partner to bind his firm rests on
the doctrine of agency.   The firm is an invisible artificial per-
son, and necessarily represented by the natural persons who
compose it.   What they do therefore within the scope of the
business in which the firm is engaged, and on its behalf or in
its name, they do as its agents; and the agency grows out of
and is implied from the relation between the invisible firm and
the persons who have united to create it.   A partner may buy
and sell the goods in which the firm deals.   He may borrow
money for its use and give a note in the firm name therefor.
He may indorse negotiable notes received by the firm in the

course of its business with the firm name.  He may give receipts, bills of sale, releases, and the like, in the firm name, and whether he appends a seal thereto or not is wholly unimportant, as such papers evidence a past transaction and impose no new liability.  He may settle an existing debt by sale of the firm goods, or payment out of its funds, or by a note in the firm name. He has a right to insist that the goods belonging to the partnership shall be used to pay the partnership debts, and if he deems it necessary to his own security or that of the creditor, he may confess a judgment against the firm for the amount of such debt which will justify the levy and sale of the goods of the firm and his own in payment thereof.  In so doing he imposes no new or original liability on his firm, for the debt was already due from it.  In that sense the judgment is not an executory contract to be performed in future, but a mode of payment for a debt contracted in the past, the consideration for which the firm has already enjoyed.  Such a judgment has been sustained for purposes of execution against the goods of the firm in many cases, among which are Harper v. Fox, 7 W. & S. 142; Grier v. Hood, 25 Pa. 430; Ross v. Howell, 84 Pa. 129; McCleery v. Thompson, 130 Pa. 443.

But the implied power of one partner does not extend to the persons or separate estates of his copartners, and for that reason such a judgment will be vacated on their application so far as they individually are concerned, or their individual estates real or personal: McNaughton's Appeal, 101 Pa. 550.  So much is necessary for their protection, but they have no equity as against the creditors of their firm which entitles them to be heard against the enforcement of such a judgment.  On the contrary, the superior equity is in the creditors, whose right, in law as well as in morals, to have recourse to the firm property for the payment of their debts, is clear.

In the case before us the firm appears to consist of two members.  One of these has confessed judgments in favor of certain firm creditors who have proceeded to seize the partnership property.  The debts are not denied.  There is no controversy over the amount of the judgments.  No defence to a single dollar of them is suggested.  But one partner asserts that the court should set aside these writs and vacate the judgments, because there was a seal appended to the warrant of attorney to confess judgment.

But in the language of Justice SHARSWOOD, the confession of the judgment has imposed no new liability upon the firm. It was liable to the same creditors for the same sums before it was given. The seal was wholly unnecessary, but, what is of more consequence, it has not changed the nature of the instrument. Whether sealed or not the warrant is lost in the judgment. The seal cannot change the remedy, affect the statute of limitations or the order of proof. The addition of it to the confession of judgment was a waste of a very valueless formality, without object on the part of the maker, and without results to the creditor.

The court below was exactly within the rule in Schmertz v. Schreeve in holding that the dissenting partner had suffered no injury, and that neither he, nor the firm whose debt it was, had any equitable ground for relief, upon the petition or proofs before the learned judge who heard the motion.

For these reasons the appeal is dismissed and the order of the court below affirmed, so far as it relates to the firm of Thompson & Coxe. The judgment should be vacated as to Coxe as an individual, if he so desires.