# Little v. Jeffers, Appellant.

*Judgment—Judgment note—Opening judgment—Payment—Application of payments.*

A judgment entered on a judgment note will not be opened on the ground that it had been paid by the delivery to the plaintiff of two checks and the assignment of certificates of stock for the balance, where the evidence shows that the plaintiff had applied without objection the checks to a prior indebtedness, and the plaintiff denies that he received the stock, although if he had received it on general account, the balance of the defendant's indebtedness to him would be greater than the amount of the judgment.

Argued March 7, 1910. Appeal, No. 40, March T., 1910, by defendants, from order of C. P. Susquehanna Co., April T., 1904, No. 43, discharging rule to open judgment in case of George P. Little v. J. M. Jeffers and W. B. Jeffers, trading as J. M. Jeffers & Son, and W. B. Jeffers. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to open judgment.

FULLER, J., specially presiding, filed the following opinion: The judgment note in this case bears date March 24, 1903,

is signed by "J. M. Jeffers & Son, W. B. Jeffers," and was entered February 9, 1904, upon præcipe against "J. M. Jeffers and W. B. Jeffers as the firm of J. M. Jeffers & Son," and also against W. B. Jeffers.

The regularity of the judgment thus entered is sanctioned by authority: Miller v. Royal Flint Glass Works, 172 Pa. 70; Myers v. Sprinkle, 20 Pa. Superior Ct. 549, and has not been questioned.

Upon the scire facias to revive the same, J. M. Jeffers, one of the partners defendant, on April 10, 1909, filed for himself and his copartner an affidavit of defense, averring that said note was made and given by W. B. Jeffers, son of deponent, without deponent's knowledge, but deponent learned of the fact soon after; that deponent did not give said W. B. Jeffers authority to make said note or sign the same in any manner; that on May 4, 1903, deponent drew two checks in favor of plaintiff, one for $150 and the other for $200; the first check was the individual check of deponent, the other a check drawn on the account of J. M. Jeffers & Son; that these checks were given to apply as payments on said note and were received and used by said plaintiff as being paid by the bank; that about May 4, 1903, deponent assigned to plaintiff his interest in five shares of the Farmers' National Bank of Montrose, Pa., of the value of $250, to apply as payment on said note; and that at the time deponent considered the three aforesaid payments paid and canceled said note.

On August 19, 1909, on motion of counsel for defendants and with consent of counsel for plaintiff, a rule was granted to show cause why the original judgment should be not opened and the defendants let into a defense upon the grounds disclosed in the same affidavit. This rule was made returnable in September, afterwards continued to October and finally submitted on December 3, 1909.

The affidavit, while denying the authority of W. B. Jeffers to bind J. M. Jeffers by the judgment note when given, nevertheless discloses later assent, whose binding effect Miller v. Glass Works, supra, has not been challenged.

The only question in the case is whether the evidence of pay-

ment should lead the court in the exercise of a sound discretion to open the judgment.

Defendants claim that payment was made by check of J. M. Jeffers & Son for $200, by check of J. M. Jeffers for $150, and by transfer of certain stock worth $250.

Plaintiff admits the receipt of the two checks but claims application thereof upon prior indebtedness and denies the transfer of stock.

The depositions clearly sustain the application of checks as claimed by plaintiff, and do not sustain the transfer of stock as claimed by defendants.

These depositions show:

1. J. M. Jeffers and W. B. Jeffers, father and son, were partners doing business in the firm name of J. M. Jeffers & Son, said W. B. Jeffers being the active, managing partner.

2. The plaintiff on March 24, 1903, loaned to the firm for use in its business the sum of $600 and took for the same the judgment note in question, which was given by the son and afterwards recognized by the father.

3. The plaintiff had previously made other loans to the firm for the use in its business, amounting to about $600 which was then unpaid.

4. The said checks, dated May 4, 1903, one for $200 and one for $150, were delivered by the son without application, to the plaintiff, who made application thereof at once upon the older indebtedness. The father was not present when the checks were delivered and did not notify the plaintiff of any application. The son was not produced as a witness to deny plaintiff's testimony on this point, and the father's testimony is not reinforced. In the absence of any testimony upon the subject the law would make application as the plaintiff did, to the older and least secure indebtedness.

5. No transfer of stock to the plaintiff, nor application thereof upon this note was established against the plaintiff's denial thereof, and even if plaintiff had received on general account, stock as alleged, there would still remain an owed balance equal to the amount of the note.

6. This claim of payment was not set up until the affidavit

of defense was filed in the action of scire facias, about five years after entry of the judgment.

7. The defendants owe the plaintiff the amount of the note for money loaned to carry on the business of the partnership.

The defendants have not furnished a legal sufficiency of proof to open this judgment; and on the contrary we are satisfied of plaintiff's right to the same in law and in equity.

Upon argument of the rule we were asked to postpone decision until the testimony of the son could be procured, but no good reason for such indulgence has been suggested.

It is not shown that his testimony would contradict the plaintiff.

Being himself one of the defendants, he does not stand upon the footing of an absent witness.

Between August 19, 1909, when the rule was granted, and December 3, 1909, when it was submitted, his testimony could have been easily taken if desired.

Plaintiff now insists upon disposition of the case without further delay.

Under all circumstances, we must refuse the request for postponement, and decide the case upon the evidence already adduced, by which we are compelled for reasons above suggested, to discharge the rule.

*Error assigned* was the order of the court.

*Miller A. Allen,* for appellants.

*A. B. Smith,* for appellee.

PER CURIAM, April 18, 1910:

The order is affirmed and the appeal dismissed at the costs of the appellant upon the opinion of the learned judge of the common pleas specially presiding.