# Feighan, Appellant, *v.* Sobers, et al.

*Partnership—Judgment note—Execution—Separate estate of partner—Evidence—Findings of fact.*

1. Upon an appeal from an order making absolute a rule to set aside an execution against the individual property of a partner, issued upon a confessed judgment and entered upon a note signed by another partner for a partnership debt, which note the execution defendant had not signed, the judgment was affirmed where it appeared that the question to be decided at the hearing was whether the nonsigning partner had made his estate liable by assent or ratification and that this question was found by the court below in favor of the petitioner upon conflicting testimony.

2. Findings of fact made by a court upon hearings of rules and based upon competent testimony will not be set aside unless clear error appears.

Argued January 9, 1913. Appeal, No. 303, Jan. T., 1912, by plaintiff, from order of C. P. No. 4, Philadelphia Co., Dec. T., 1909, No. 1803, making absolute rule to set aside execution against the Estate of Jacob Sobers, deceased, in case of Annie L. Feighan v. Aaron Sobers and Jacob Sobers, copartners trading as "Jacob Sobers & Son" and Charles Franz, Jr., ancillary executor of the estate of Jacob Sobers, deceased, substituted defendant. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to set aside execution against the individual property of a partner.

The court made the rule absolute. Plaintiff appealed.

*Error assigned* was the action of the court in making the rule absolute.

*Joseph Hill Brinton,* for appellant.

*Thomas F. Gross,* for Jacob Sobers, appellee.

PER CURIAM, February 3, 1913:

This appeal is from an order making absolute a rule to set aside an execution against the individual property of a partner. The writ was issued upon a confessed judgment entered upon a note signed by one of the partners for a partnership debt. It was conceded that without special authority, a partner cannot by confessing judgment for a partnership debt, bind the separate estate of his co-partner, and the question to be decided on the hearing of the rule was whether the partner who had not signed had made his separate estate liable by assent or ratification. The testimony was conflicting, but if that on behalf of the defendant was believed, it fully justified the order made. A finding of fact by the court will not be set aside unless error clearly appears.

The order is affirmed.