# Funk v. Young, Appellant.

*Partnership—Judgment note under seal—Execution by one partner—Liability of other partner.*

1. A partner does not have implied power to bind the persons or separate estates of his non-assenting partners, by a note under seal, containing a warrant of attorney, authorizing the confession of a judgment thereon, and while a judgment entered on the note will be sustained against the partner confessing it, and for purposes of execution against the goods of the firm, it will be vacated as to the non-assenting partners individually.

2. Where judgment notes under seal were given by one partner, in the name of the firm, and an action thereon was brought against the other partner, and there was no evidence that the defendant had previously authorized the execution of the notes or had ratified them, the court should have directed a verdict for the defendant. The fact that it appeared that the money for which the notes were given was a loan to the firm is not material, where the suit was brought upon the notes.

Argued March 25, 1913. Appeal, No. 58, Jan. T., 1913, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1910, No. 4102, on verdict for plaintiff in case of Emil Funk v. Mahlon A. Young, who, with Frederick G. Emmott, was trading as Emmott Tea & Coffee Co. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Assumpsit on a sealed judgment note. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,702.37, and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of the court to enter judgment for defendant n. o. v.

*Harvey Gourley,* for appellant.—One partner has no authority to bind his copartners by deed, and a specialty given by one, in the name of the firm, binds only himself: Hoskinson v. Eliot, 62 Pa. 393; Schmertz v. Shreeve, 62 Pa. 457; Snyder v. May, 19 Pa. 235; Bond v. Aikin, 6 W. & S. 165.

The declaration was upon the notes. This cause of action should not be set aside to permit recovery on the loans: Winters v. Mowrer, 163 Pa. 239; Chidsey v. Porter, 21 Pa. 390; Brewster v. Sterrett, 32 Pa. 115.

*C. W. Conard,* of *Conard & Middleton,* for appellee.— The seals are immaterial: Boyd v. Thompson, 153 Pa. 78; Stevens v. Philadelphia Ball Club, 142 Pa. 52; Schmertz v. Shreeve, 62 Pa. 457; Coe v. Cook, 3 Whart. 569; Deckard v. Case, 5 Watts 22.

The power to borrow money and to give the firm note therefor is within the implied powers of every partnership: Chatham Nat. Bank v. Gardner, 31 Pa. Superior Ct. 135; Brewster v. Sterrett, 32 Pa. 115; Haldeman v. Bank, 28 Pa. 440; Hogg v. Orgill, 34 Pa. 344; Hoskinson v. Eliot, 62 Pa. 393; Rice v. Jackson, 171 Pa. 89; Kensington National Bank v. Ware, 32 Pa. Superior Ct. 247.

Opinion by Mr. Justice Mestrezat, May 12, 1913:

By virtue of warrants of attorney contained in two notes, dated respectively August 6, 1907, and November 16, 1907, bearing the signatures "Emmott Tea & Coffee Co. (L. S.)  F. G. Emmott. (L. S.)," and payable to Emil Funk, a judgment was entered in his favor by the prothonotary on July 28, 1910, in the Court of Common Pleas No. 2, of Philadelphia County against "Frederick G. Emmott and Mahlon A. Young, trading as Emmott Tea & Coffee Co., and F. G. Emmott." Mahlon A. Young, one of the defendants, presented two petitions to

the court on September 23, 1910, reciting the execution of the notes by Emmott and the entry of a judgment thereon and averring that the only person who executed the notes was Emmott, that Young did not execute the notes nor authorize Emmott or anyone else to execute the same on his behalf, and that the judgment entered by the prothonotary against Young without any evidence appearing of record that he executed the notes was without warrant of law and praying for rules on the plaintiff to show cause (a) why the judgment against Young should not be opened and he be let into a defense, and (b) why the judgment against him should not be stricken off. The plaintiff filed no answers to the petitions. The rules were granted. At the hearing on September 26, 1910, the petitioner withdrew the rule to open the judgment, and the court made absolute the rule to strike it off. No appeal was taken from this order or decree by the plaintiff.

The present action was brought January 31, 1911, in the Court of Common Pleas No. 3, of Philadelphia County by Funk against Young and on the same day a statement was filed and a rule was issued on the defendant to file an affidavit of defense. The affidavit was filed, and a plea of non assumpsit was entered by the defendant. On the trial of the cause the defendant requested the court to charge that "under all the evidence, your verdict must be for the defendant." The court declined the request and directed the jury to return a verdict for the plaintiff for the amount of his claim. The defendant moved for judgment non obstante which motion was overruled and judgment was entered on the verdict. The defendant has appealed. The assignment alleges error in the court in overruling the defendant's motion for judgment non obstante veredicto.

We think the learned court below erred in declining to give binding instructions for the defendant and in overruling his motion for judgment non obstante. The court clearly misapprehended the issue raised by the

pleadings and recognized throughout the trial of the
cause by the attorneys for both parties. The action was
assumpsit, and was brought by the plaintiff against the
defendant Young to recover on the two judgment notes
executed by Emmott, and not to recover the money
loaned by the plaintiff to the firm. The failure of the
learned trial judge to recognize this distinction in the
final disposition of the case resulted in an erroneous
judgment against the defendant. While he charged that
the action was on the notes, in refusing judgment non
obstante he held that it was on the loan, as appears from
the following excerpt from his opinion: "It is also ar-
gued that the plaintiff's action is founded on the notes
and as Emmott had no authority to bind his partner by
a sealed note, the action must fall. We cannot concur
in this view. The declaration was on the loan and in
such case, the notes were admissible as evidence. But
whether they were properly admitted or not as there was
uncontradicted proof of the loan and as the notes were
not given in satisfaction of the loan, the indebtedness
was not discharged." Had this action been brought to
recover the loan the remarks of the learned court might
have been convincing and conclusive of the right of the
plaintiff to recover.

It is apparently conceded by the learned court, as ap-
pears from the excerpt from his opinion just quoted,
that there could be no recovery against Young on the
notes. It is the settled law of this State that a partner
does not have the implied power to bind the persons or
separate estates of his non-assenting copartners by a
note under seal containing a warrant of attorney au-
thorizing the confession of a judgment thereon, and that
while a judgment entered on the note will be sustained
against the partner confessing it and for the purposes
of execution against the goods of the firm it will be va-
cated as to the non-assenting copartners individually:
Overton v. Tozer, 7 Watts 331; McCleery v. Thompson,
130 Pa. 443; Boyd v. Thompson, 153 Pa. 78; Feighan v.

Sobers, 239 Pa. 284. In the Boyd case, after declaring that a partner may bind himself and the property of the firm by confessing a judgment for a debt contracted in the past, the consideration for which the firm has already enjoyed, Mr. Justice WILLIAMS says (p. 83): "But the implied power of one partner does not extend to the persons or separate estates of his copartners, and for that reason such a judgment will be vacated on their application so far as they individually are concerned, or their individual estates real or personal: McNaughton's Appeal, 101 Pa. 550." It is, therefore, apparent that the notes under seal signed by Emmott in the name of the partnership and in his own name were not the obligations of Young, the other partner, and hence no action will lie against Young on the notes. This, under the pleadings in the case, was necessarily the effect of the judgment of the Court of Common Pleas No. 2 in making absolute the rule to strike off the judgment entered on the notes. A non-signing partner may be liable on a sealed note executed by his copartner by previously authorizing the execution of the note or thereafter ratifying the act: Bond v. Aitkin, 6 W. & S. 165; Kramer v. Dinsmore, 152 Pa. 264. From the record in Common Pleas No. 2 it appears that there was no evidence of any such act on the part of Young, and the present case is equally bare of any evidence showing that he either authorized Emmott to sign the notes or that he thereafter ratified their execution. It is clear that if the present action was brought on the notes there can be no recovery against Young.

The ground work of the action was the notes and not the loan. This clearly appears from the plaintiff's statement and by the conduct of counsel on both sides during the trial of the cause. In fact, it was so stated by the learned court in his charge to the jury. After stating the amount of the claim in suit, the statement avers that Young was a member of the partnership, that the plaintiff loaned the money on the credit of the firm and the

partners, "and therefore obtained from the said Emmott Tea & Coffee Company a certain note or obligation, a copy of which is as follows." The same averment is made as to both notes, and it is accompanied by a copy of the note as required in actions of assumpsit by the Practice Act of May 25, 1887, P. L. 271, when the plaintiff's claim is founded on a note. The statement concludes: "Plaintiff avers that, although demand has been made upon the said defendant, the said Emmott and the said Emmott Tea & Coffee Co. for payment of said notes, they have failed and refused and still refuse to pay said notes or either of them or any part thereof, wherefor this suit is brought." The default averred in the statement being the refusal to pay the notes, it is conclusive of the cause of action: Chidsey v. Porter, 21 Pa. 390. In that case, Mr. Justice WOODWARD, delivering the opinion said (p. 393): "There was no error in refusing to permit the plaintiff to recover on the consideration of the note, for though the narr. contains a count for goods sold and delivered, the only breach assigned is for not paying the note." On the trial of the cause the plaintiff was called as a witness in his own behalf and he testified that he loaned the money to the Emmott Tea & Coffee Company and received the two judgment notes for the loan. Emmott was called as a witness for the plaintiff and testified: "Q. I show you two notes which have been identified by Mr. Funk (the plaintiff) as sued on in this case, and ask if those are notes given by you to Mr. Funk? A. Yes, sir." At the conclusion of Emmott's testimony the counsel for the plaintiff said: "I offer in evidence the two notes in suit." The counsel for the defendant objected "to the offer on the ground that it is not the implied power of one partner to give an instrument under seal so as to bind another partner and that applies to judgment notes." In his charge to the jury, the learned court said, inter alia: "Gentlemen of the jury: This is a suit upon two instruments in the form of promissory notes,

with warrants of attorney to confess judgment, in other words, they are what are popularly known as judgment notes......Mr. Funk has brought suit in this court upon notes against Mr. Young as a former partner of the firm, and that is the issue which we are to try, that is, whether or not the plaintiff should recover from Mr. Young as a partner."

It is, therefore, apparent from the pleadings and the trial of the cause that the suit was brought on the notes and not to recover the loan to the partnership. The fact that the plaintiff testified that he loaned the money to the partnership was not sufficient to show the cause of action or to permit a recovery on the notes. Whether he could recover against Young in an action for the money loaned the partnership is not an issue in this case and therefore need not be determined. As said in Winters v. Mowrer, 163 Pa. 239, 244: "The action being upon the note, the question of the right to recover on the original consideration, discussed by the appellant, is not before us." The present action against Young having been brought to recover on the notes and there being no evidence that he authorized their execution or thereafter ratified it, the learned court should have directed a verdict for the defendant on the trial of the cause or subsequently should have entered judgment non obstante veredicto for the defendant.

The judgment of the court below is reversed, and judgment non obstante veredicto is now entered for the defendant.