VanScoten *v.* Botsford & Kunes, Appellant.

Argued November 20, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ. Modified and

*William G. Schrier,* for appellant.

*J. Roy Lilley,* of *Lilley & Wilson,* for appellee.

OPINION BY BALDRIGE, J., January 29, 1930:

This case arose out of an application of C. B. Kunes,
the appellant, to open a judgment and to allow him
to enter a defense.

It appears that Botsford and Kunes, in 1902, gave
to VanScoten three judgment notes for $60, $74 and
$450. On September 14, 1922, VanScoten presented a
petition to the court for authority to enter the three
notes and to consolidate them in one judgment, as pro-
vided for in the Act of May 26, 1897, P. L. 94; judg-
ment was entered the same date for $1,279.37. On
the 25th of March, 1929, Kunes presented his petition
to open the judgment, alleging that the $60 and $74
notes had been paid in cash; that the $450 note had
been discounted at the Athens National Bank by the
appellee; and that by agreement with the bank and
VanScoten there was assigned to the bank, in full pay-
ment of the note, an order held by Botsford and Kunes
on Julia A. Lull in the sum of $450. A further de-

fense was set up that this appellant had been adjudicated a bankrupt on March 15, 1915.

It was conceded in the lower court that there was insufficient evidence offered under the rule granted to open the judgment to prove the payment of the $60 and $74 notes, and it was admitted that VanScoten was not listed as a creditor by Kunes in his bankruptcy proceedings; the alleged indebtedness was not therefore discharged by that adjudication. The issue before the lower court was limited to the determining whether the assignment of the order was accepted as payment of the $450 note. The only testimony in support of that contention was the appellant's, and he was flatly contradicted by VanScoten.

It is contended upon the part of the appellant that he was corroborated by the fact that the bank brought suit against Julia A. Lull to recover the $450 on the order given by Botsford and Kunes. This suit was decided adversely to the bank on the ground that the evidence showed that there was no money due Botsford and Kunes from Mrs. Lull, and, as a result, the order was not paid. See Botsford v. Lull, 30 Pa. Superior Ct. 292. That case was not decisive of the issue involved here, nor did that action contradict the contention of the appellee that the order was given simply as collateral security for the note, nor did it corroborate the appellant that the order was a payment of the note. The bank had the right to proceed to collect on the collateral it held, if it saw fit so to do, and such action could not be regarded as an acknowledgment that the principal debt had been discharged.

The testimony shows that the $450 note, which had been given a month prior to the date of the assignment of the order, was renewed for a period of ten days at the time the order was given. The renewal of this note and the failure to surrender the original note tended to corroborate the appellee that the order

was given as collateral security only; otherwise, the appellant would have exercised ordinary business judgment and lifted the note.

It was the duty of the lower court sitting as a chancellor to pass upon the conflicting evidence and determine whether or not the judgment should be opened and his findings of fact will not be disturbed, except for clear errors, and none was disclosed here. It is a well recognized rule that the court will not open a judgment on the unsupported oath of the defendant where his testimony, as appears in this proceeding, is directly contradicted by the plaintiff: Wright v. Linhart, 243 Pa. 221; Hotaling v. Fisher, 79 Pa. Superior Ct. 103.

It appears in the petition to open the judgment, as well as in the testimony taken, that Botsford and Kunes was a partnership and that the notes were signed in the firm name by Botsford for the firm's debt. It is definitely settled that one partner does not have an implied authority to confess judgment against another partner for a partnership debt. The judgment is, therefore, void against a non-assenting partner, but it is good against the partner confessing it: McCleery v. Thompson, 130 Pa. 443; Boyd v. Thompson and Coxe, 153 Pa. 78; Funk v. Young, 241 Pa. 72.

We deem it advisable to call attention to this principle, although not raised, so that the law may be correctly applied and no harm be done the appellant. We are not disturbing the judgment, but it shall be limited in its execution to the property of the partnership and of Botsford.

The decree is affirmed subject to the limitation aforesaid, and the appeal is dismissed at the cost of the appellant.