## Skiles v. Schoen

*Stanley J. Kerlin,* for plaintiff.
*James M. Schall,* for defendants.

KAYE, *J.,* September 11, 1987—On June 7, 1982, Dwight M. Skiles, plaintiff, confessed judgment against defendants, Elton W. Schoen and Scott H. Nelson, on a judgment note dated August 10, 1981. On August 18, 1986, plaintiff caused a writ of execution to issue directing the sheriff of Fulton County to levy on and sell the property of defendants to satisfy the judgment against them. On Sep-

tember 26, 1986, defendants filed a petition for rule to show cause why the writ of execution should not be set aside. By order of court dated September 30, 1986, a rule was directed to be issued upon plaintiff to show cause why the writ of execution should not be set aside. The rule was issued on October 1, 1986.

On November 14, 1986, plaintiff filed an answer to the aforesaid petition and rule. On June 8, 1987, an order was entered setting June 23, 1987, as the date for a hearing on defendants' petition and rule to show cause why the writ of execution should not be set aside. Pursuant to stipulation of counsel, an order was entered on June 23, 1987, rescheduling this hearing for July 7, 1987, and the hearing was held as scheduled. The matter is now before the court for disposition.

## FINDINGS OF FACT

(1) Defendants, Elton W. Schoen and Scott H. Nelson, are the owners of 137 acres of land in Todd Township, Fulton County, Pa., conveyed to them by deed dated March 24, 1973, recorded in deed book 79, page 21, and quit-claim deed dated September 19, 1978, recorded in deed book 91, page 264.

(2) On August 10, 1981, defendants contracted with plaintiff, Dwight M. Skiles, to have vinyl siding installed on a farmhouse situate on the above described land.

(3) The actual siding work was performed by Jerry Foster, an employee of Dwight M. Skiles.

(4) To pay for the installation of this siding, defendants executed a judgment note to plaintiff, dated August 10, 1981, in the amount of $4,775, with interest of 14.5 percent per annum.

172

(5) In February 1982, Elton Schoen executed a release discharging Dwight M. Skiles ". . . his employees and agents from all liability, claims, injuries, damages, expenses, causes of action, judgments, suits, whatsoever, in law or equity . . ." in connection with the work performed on the farmhouse.

(6) In the late summer of 1982, payments on the note held by plaintiff stopped.

(7) Plaintiff 's attorney wrote to Elton Schoen, by letter dated June 28, 1983. This letter referred to defendant's ". . . serious delinquen[cy]. . . ."

(8) Elton Schoen sent a reply to the letter, which did not set forth "defectiveness of the work" as the reason for the delinquency on the note, but rather, alleged ". . . tremendous financial setbacks . . ." as the reason therefor.

(9) On May 13, 1986, the farmhouse owned by Elton Schoen and Scott Nelson was destroyed by fire.

(10) Elton W. Schoen has expressed the intention to reconstruct the house and move back onto the property in question upon favorable settlement of a pending action against the insurance company which allegedly insured the destroyed farmhouse.

(11) Because of the delinquency in payments, plaintiff caused a writ of execution on the property to be issued by the prothonotary of Fulton County on August 18, 1986, which writ defendants now petition the court to set aside.

## DISCUSSION

Act 6 of 1974, known as the Loan Interest and Protection Law, 41 P.S. §101 et seq., provides at section 407(a):

*"As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment note* or decree *on confession,* whether by amicable action or otherwise, or on a note, bond or other instrument in writing, confessing judgment *until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action* and proceeds by judgment or decree against defendants as in any original action. The judgment by confession may be changed as may be appropriate by a judgment, order or decree entered by the court in the action. After the above mentioned original action has been prosecuted and a judgment obtained, the judgment shall merge with the confessed judgment and the confessed judgment shall be enforced as to amount and execution shall be had on the confessed judgment. The parties to the action shall have the same rights as parties to other proceedings. . . ."* (emphasis added).

Elsewhere in the act, "residential real property" is defined as ". . . real property located within this commonwealth containing not more than two residential units or on which not more than two residential units are to be constructed and includes a residential condominium unit." 41 P.S. §101.

Pursuant to the foregoing statutory provisions, the Supreme Court of Pennsylvania promulgated Pa.R.C.P. 2981-2986, setting forth the mandatory procedures for execution on a confessed judgment on property subject to protection under Act 6. Those rules provide, inter alia, for the commencement of the action by the filing of a complaint which must contain specific allegations in the office of the prothonotary. Pa.R.C.P. 2983-2984.

The threshold question, then, is whether the real estate in question falls within the definition of "resi-

dential real property" as set forth above. The resolution of this question depends on whether the law encompasses farm land which includes a residence and, if so, whether the destruction of the residence prior to execution removes the protection afforded by the act.

It will be noted that defendants' real estate consisted of a farm which included their domicile at the time judgment was confessed on the note executed by defendants. The real estate was conveyed in a single deed, and the lien of the judgment affected the entire tract. The levy made by the sheriff on the writ of execution issued from the prothonotary's office included the entire farm, including that real estate which was the site of the owners' residence prior to its destruction by fire. Under these facts, the court concludes that at least while the residence existed, the real estate clearly was "residential real property" as it was "real property located within this commonwealth containing not more than two residential units. . . ." 41 P.S. § 101. Even if the foregoing definition is construed to provide protection to that part of realty having only a residential component, and excluding all other components, it is impossible for the court to give effect to what appears to be the palpable raison d'etre for the act, i.e. to the residential property owner, without extending it to individuals whose residence also happen to be on a farm. Thus, we conclude that the act does apply to a farm which otherwise meets the definition.

The next question is whether the destruction of the residence alters this result, i.e., since the residence no longer exists, does the protection of the act still apply? In this regard, plaintiff appears to suggest that the residential component of the property has been abandoned as defendants have not re-

sumed residence on the real estate since the fire, nor has reconstruction commenced.

We do not find that such abandonment of the residential component was proven. Elton W. Schoen testified that she remains in Fulton County, that she resides in a motel, and that she is unable for financial reasons to begin reconstruction, but that she will do so upon a favorable result in a law-suit against the company which she alleges provided fire insurance on the residence at the time of the fire.

We are loathe to find that such abandonment of use as a residence has occurred under these circumstances, and do not do so.

For the foregoing reasons, defendant-petitioner's first prayer for relief, i.e. to set aside the writ of execution, will be granted.

The second request for relief, is that the court open the judgment entered by confession. Such relief is one that calls upon the equitable powers of the court, and is left to the sound discretion of the court.

"A judgment taken by confession will be opened in only a limited number of circumstances, and only when the person seeking to have it opened acts promptly, alleges a meritorious defense and presents sufficient evidence of that defense to require submission of that defense to the jury." *First Seneca Bank and Trust Company v. Laurel Mountain Development Corporation*, 506 Pa. 439, 443, 485 A.2d 1086, 1088 (1984).

Defendants in the case now before the court allege failure of consideration, and presented evidence that would require submission of that issue to the jury. However, we note that in this case, judgment was confessed on June 7, 1982, and defendants waited until September 26, 1986, to petition the court to open the judgment. While the time pe-

riod for filing the petition is not inflexible, the reasonableness of the explanation for the delay in proceeding must be considered. *First Seneca Bank, supra,* 506 Pa. at 443, 485 A.2d at 1088. The existence of negotiations may be considered in explaining a period of delay. *Jamestown Banking Company v. Conneaut Lake Dock and Dredge Company,* 339 Pa. 26, 32, 14 A.2d 325, 328 (1940).

In the instant case, defendants received a letter from plaintiff's counsel dated June 28, 1983, regarding the delinquent status of the note, and the response indicated nothing regarding the lack of workmanship on the job, but merely requested an extension of the time in which to pay. (plaintiff's exhibit no. 2) An additional undated memorandum from defendant Schoen to plaintiff (plaintiff's exhibit no. 3) acknowledges the obligation, and simply pleads for more time to pay, to allow the farm to be sold. It was not until some time later that defendants began to allege that the work had been improperly performed so clearly whatever "negotiations" existed in this case did not have anything to do with the defense now alleged by defendants until long after the judgment was entered. This hiatus is unexplained by defendants, and we conclude that defendants have failed to act promptly to open the judgment. Accordingly, this relief will be denied.

## ORDER

And now, this September 11, 1987, the rule to show cause why the writ of execution issued in the above proceeding should not be set aside is made absolute, and the writ of execution is set aside. Defendants' motion to open judgment is denied. Respondent-plaintiff is granted leave to proceed in accordance with Pa.R.C.P. 2981 et seq., if he elects to do so.

Exceptions granted to plaintiff and defendants.