William Y. Leader, to the use of Henry A. Ingram, *v.* Wilson W. Dunlap, John D. Dunlap and Anna S. Pettit, Appellants.

*Appeals—Practice, S. C.—Discretion of court—Opening judgment.*

An application to open judgment is addressed to the discretion of the court which has not been taken away by the Act of May 20, 1891, P. L. 101.

It is not an abuse of discretion for the court to refuse to open a judgment entered on a verdict after a regular trial, where defendant's counsel did not notify him of the time of the trial, and where the defendant had actual notice that the case would likely be placed on the trial list at the term it was tried, but gave no personal attention to the matter.

Argued Oct. 14, 1897. Appeal, No. 102, Oct. T., 1897, by defendants, from order of C. P. No. 1, Phila. Co., March T., 1894, No. 528, discharging rule to open judgment, set aside verdict and permit motion for a new trial to be filed nunc pro tunc. Before RICE, P. J., WICKHAM, BEAVER, SMITH and PORTER, JJ. Affirmed.

Rule to open judgment and set aside verdict.

It appears from the record that plaintiff brought an action for alleged malicious conspiracy against defendants which was called for trial on February 2, 1897. The case was tried in the absence of defendants and their counsel, and verdict and judgment entered for the plaintiff for $500. Defendants entered a rule to open the judgment which was discharged.

Other facts sufficiently appear in the opinion of the court.

*Error assigned* was discharging rule to show cause why judgment entered against defendants should not be opened, etc.

*Wendell P. Bowman*, for appellants.

*John McDonald*, for appellee.

OPINION BY RICE, P. J., January 18, 1898:

This is an appeal from an order discharging a rule to show cause why judgment upon verdict should not be opened, the verdict set aside and the defendants given leave to file a motion and reasons for a new trial nunc pro tunc. The petition or affidavit upon which the rule was granted is not printed in the defendants' paper-book, but the grounds of the application, as disclosed in the depositions, were, that the defendants were not present at, and had no actual notice of, the trial, until after judgment had been entered on the verdict. The reason alleged for their failure to appear at the trial is, that their attorney neglected to notify them of the time when it would take place. The allegation that illness was the cause of his failure to notify them is not sustained by any direct testimony or, indeed, by any competent and satisfactory evidence of any kind. There is also an intimation that he was in trouble on account of some criminal charge and absconded, but the testimony of the con-

stable, who had the warrant for his arrest, shows, that, if he did abscond, it was not until after the date of the trial of the present case. Moreover, there is testimony, that, at a meeting between the plaintiff and one of the defendants in December, 1896, it was agreed, that both parties should endeavor to have the case ended at that term of court. Therefore, the defendants not only had the constructive notice which the trial list gives, but also had actual notice that an effort would be made to have the case tried at the term it was tried. It was their duty to give some personal attention to the matter, but, as far as appears, they neither examined the trial list for themselves, nor consulted their attorney.

To sum up the whole case, judgment was regularly entered upon a verdict after a trial in due course of law. If the defendants were not present they and their attorney were alone to blame. To have opened the judgment and granted a new trial would seem to have been little less than a pure matter of grace. But granting to the court the most liberal discretionary power to relieve parties from defaults due to the negligence of their attorneys that has ever been claimed, it must be remembered also, that the vigilant party, who has obtained a verdict and judgment, has rights, and that there can be no prompt dispatch of the business in the courts if they are to be ignored, and verdicts and judgments set aside in a mere spirit of benevolence towards the defaulting party. Certainly it would not be safe to lay it down as a rule (as we must if we reverse) that it is an abuse of discretion for the court to refuse to open a judgment entered on a verdict after a regular trial, where the defendants' counsel did not notify him of the time of the trial, even though the defendant had actual notice that the case would likely be placed on the list at the term it was tried, and gave no personal attention to the matter. The application was addressed to the discretion of the court, which has not been taken away by the Act of May 20, 1891, P. L. 101: Kelber *v.* Plow Co., 146 Pa. 485; Pfaff v. Thomas, 3 Pa. Superior Ct. 419, and cases there cited. An examination of the case fails to show that the discretion was improperly exercised; therefore it is unnecessary to discuss any other question.

The order is affirmed and the appeal dismissed at the cost of the appellants.