## Patrick O'Donnell, Appellant, *v.* Thomas Flanigan.

*Appeals—Review of discretion—Opening judgment after term.*

Granting or refusing a new trial, when asked for during the term is
within the sound discretion of the trial court; but not so after the term
has passed, then the rights of the parties are fixed and permanently estab-
lished and nothing short of an extraordinary cause will justify the further
intervention of that court.

Manifest negligence of defendant should not be accepted as sufficient to
move the court even when the motion is made in time and most certainly
not after term has expired.

Argued Oct. 7, 1898. Appeal, No. 85, Oct. T., 1898, by
plaintiff, from order of C. P. No. 3, Phila. Co., March Term,
1897, No. 670, making absolute motion for new trial. Before
RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. POR-
TER, JJ. Reversed.

Motion for new trial nunc pro tunc. Before the court in
banc.

It appears from the record that the action was trespass for
assault and battery resulting in a verdict for the plaintiff, on
January 12, 1898, for $324. On March 9, 1898, execution was
issued on the judgment. On March 16, 1898, after the expi-
ration of the term in which the judgment was entered, a motion
for a new trial was made by leave of court with stay of proceed-
ings. On May 27, 1898, this rule for a new trial made absolute.

Other facts appear in the opinion of the court.

Plaintiff appealed.

*Error assigned* among others was in granting a new trial after the term had expired in which the verdict and judgment had been rendered.

*DeForrest Ballou*, for appellant.—The right of the trial judge to grant a new trial at the expiration of some lapse of time has been considered several times by the courts in this state and the settled opinion now is that the right of a court to grant a new trial is lost after the expiration of the term in which the verdict was rendered: Oil Co. v. Carothers, 63 Pa. 379; Stephens v. Cowan, 6 Watts, 511; Mathers v. Patterson, 33 Pa. 485; King v. Brooks, 72 Pa. 363; Lance v. Bonnell, 105 Pa. 46; Hill v. Egan, 2 Pa. Superior Ct. 596; Fisher v. Railway Co., 185 Pa. 602.

*Henry K. Fries*, for appellee.—In the case of a judgment by confession or default there is no limit to the exercise of the power to grant a new trial: Hill v. Egan, 2 Pa. Superior Ct. 596.

The verdict in this case being practically one of default, which the court has jurisdiction to open, even after the end of the term, and even where there is no other defense than that of statute of limitations, the court was justified in granting a new trial in order to let the defendant into a defense: Bates v. Cullum, 163 Pa. 234; Ellinger's Appeal, 114 Pa. 505; Sossong v. Rosar, 112 Pa. 197.

A reference to the statement filed in this case shows that the action was not brought within two years after the occurrence, and was therefore barred by the statute of limitation, Act of March 27, 1713, sec. 1, 1 Sm. L. 76, Act of June 24, 1895, sec. 2, P. L. 236, and in the very recent case of Abeles v. Powell, 6 Pa. Superior Ct. 123.

OPINION BY SMITH, J., December 15, 1898:

From an examination of the petition and depositions submitted in this case, we cannot resist the conclusion that the application to open the judgment is based on the negligence of the defendant himself. He was sued in trespass, for damages alleged to have been caused by an assault on the plaintiff, and

he retained an attorney to appear and defend the action.    On April 22, 1897, an appearance and plea were regularly entered and the cause thus put at issue.    On October 28, 1897, the defendant consented to the withdrawal of his attorney's appearance and signed a paper to that effect, after which the attorney gave the matter no further attention.    The defendant failed to engage another attorney or to take any further steps in the cause.    The case was called for trial on January 12, 1898, in the absence of the defendant and a verdict was rendered in favor of the plaintiff.    So far as the record showed the defendant's former counsel remained as attorney of record at the time of trial, and so continued until after the judgment had been entered on the verdict and the term of the court had expired.

After the term at which judgment was entered had ended, an application, nunc pro nunc, for a new trial was made, which was afterwards granted.    From this order the plaintiff appealed.  The grounds of the petition for a new trial are in denial of the plaintiff's right to recover, alleging a defense to the action.  It is also averred that the defendant had no notice of the trial and was not represented on that occasion.    But, with ordinary' diligence the defendant might have ascertained when the case would be tried, and no sufficient reason appears for his failure to do so.    The record clearly indicated that both parties were ready for trial and, when reached, the court was warranted in proceeding to verdict and judgment.    The consequences of the defendant's delinquency cannot now be cast upon the plaintiff, in any measure, against his protest.

The right of the common pleas to grant a new trial after the term, exists only in extraordinary cases, such as fraud, etc.    It has never been extended to cases where the defendant had no hearing, through his own negligence.    It is his duty to be in attendance at the trial, and neither court nor plaintiff is required to keep him notified of the time set for that purpose.  If, after putting the case at issue by a plea, he does not attend the trial, his absence ought not to deprive the plaintiff of a verdict unimpeachable after the term.    Otherwise a defendant may trifle with the court and the rights of the plaintiff.    Nor do we think that the defendant's ignorance of the time fixed for trial sufficient ground for granting a new trial nunc pro tunc.    Granting or refusing new trials when asked for during

the term, are within the sound discretion of the trial court. But not so after the term has passed. Then the rights of the parties are fixed and permanently established, and nothing short of an extraordinary cause will justify the further intervention of that court. The manifest negligence of the defendant should not be accepted as sufficient to move the court when the motion is made in time, and most certainly not after the term has expired.

The objection to the sufficiency of the declaration, also, is barred by the laches of defendant. Moreover, no objection of this character appears on the record. We cannot act upon questions not regularly before us, and have no right to go out of the record under any pretense. If it was intended to assail the declaration as inadequately showing a cause of action, this should have been done by demurrer, or, perhaps, by plea: Bradly v. Potts, 155 Pa. 418; Gorman v. Bigler, 8 Pa. Superior Ct. 440. But the question is not before us and we need not discuss it.

The order granting a new trial is reversed at the cost of the defendant.