## Bowman, Appellant, *v.* Berkey et al.

*Judgments—Judgment notes—Alleged alteration—Addition of seal—Evidence—Burden of proof — Presumption — Opening judgments—Discretion of court—Rule to strike off judgment—Laches—Res adjudicata.*

1. Although the addition of a seal after the signature of the maker of a note is such a material alteration as will avoid the instrument, an alteration by a third person, without the knowledge

or consent of the party to the writing, cannot in any way affect the holder's right or impair the validity of the instrument in its original form.

2. In proceedings to open a judgment, entered upon a judgment note, evidence showing alterations subsequent to the execution of the instrument, upon which the judgment is based, is ample to meet the burden imposed upon the defendant by law to make a good defense by evidence sufficient to justify submission to the jury and to sustain a verdict for defendant if believed by the jury.

3. The uncontradicted testimony of plaintiff and her witnesses to the effect that the addition of the seal was not made by her or by any one for her, at her request, does not shift to defendant the burden of showing who was responsible for its presence on the note.

4. When an erasure, alteration or interlineation appears on the face of an instrument, there is primarily a presumption that the change was made before execution. If the alteration does not appear to be beneficial to the party offering the writing or if it is opposed to his interest, or if made with the same pen and ink and in the same handwriting as the body of the writing, this presumption remains unchanged. Where, however, the alteration is material, is beneficial to the party offering the writing, or if there be a change on the face of the instrument which appears suspicious, the presumption disappears and the burden is on the party offering the writing to explain the alteration to the satisfaction of the jury.

5. In proceedings to open a judgment entered upon a judgment note, on the ground that, after the execution of the note, a seal had been added thereto, where the plaintiff neither admits nor directly denies the subsequent alteration but states that no alteration was made by her or for her with her authority, such testimony is wholly insufficient to enable the court to say as a matter of law that she has met the burden and satisfactorily accounted for the altered condition of the writing, and, as in such case the real dispute is not so much as to the fact of adding the seal as by whom added, such question is one of fact for the jury, and the court did not err in opening the judgment.

6. In such case the fact that a motion to strike the judgment from the record had been dismissed, was not res adjudicata of the question involved as the mere fact that the seal was in a different handwriting from that of the maker of the note, was not such an irregularity as would warrant the striking off of the judgment.

7. In such case the defendant was not guilty of laches in taking the rule to open the judgment where it appeared that the judgment was entered on November 5, 1914, that a rule to strike off the judg-

ment was taken on November 28th following, and was discharged on September 1, 1916, and on September 14, 1916, a petition to open the judgment was filed.

Argued Sept. 25, 1917.    Appeal, No. 125, Oct. T., 1917, by plaintiff, from order of C. P. Cambria Co., Dec. T., 1914, No. 397, opening a judgment, in case of Polly A. Bowman v. Jerry Berkey and W. S. Krise.    Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Petition for rule to open judgment.    Before O'CONNOR, J.

The opinion of the Supreme Court states the facts.

The court opened the judgment.    Plaintiff appealed.

*Error assigned* was the order of the court.

*Frank P. Barnhart,* with him *Morgan W. Evans,* for appellant.

*Harry Doerr,* with him *Tillman K. Saylor,* for appellees.

OPINION BY MR. JUSTICE FRAZER, January 7, 1918:

The court below made absolute a rule to show cause why judgment entered against defendant under a warrant of attorney contained in a note should not be opened.    Plaintiff appealed.    The question for our determination is whether or not the action of the court was a proper exercise of its discretion under the evidence produced: Kelber v. Pittsburgh National Plow Co., 146 Pa. 485; Wright v. Linhart, 243 Pa. 221.

Under date of April 1, 1908, Franklin B. Ott, Jerry Berkey and W. S. Krise, executed a note to plaintiff for $2,500, payable to the order of plaintiff and containing a warrant of attorney to confess judgment ending with the words "Witness our hand and seal" and followed by the signatures of the above named persons.    The petition

to open the judgment alleged a material alteration to the note since its execution by the addition of the word "seal" after the name of Krise. This was denied in the answer, and, in the depositions taken under the rule Krise testified the word "seal" was not on the paper opposite his name at the time of affixing his signature and had been added since without his knowledge or consent. The testimony of other witnesses, tending to corroborate Krise, was in effect that an inspection of the writing and the condition of the ink indicated the addition of the word "seal" subsequent to the signing of the note and about the time of entering judgment, and, further, that the word "seal" was not in the handwriting of Krise.

Plaintiff denied the seal was placed on the note subsequent to its execution by her or by any person at her request or on her behalf, stating however her inability to say whether the seal was there at the time Krise attached his signature. Plaintiff's husband, who transacted business for her and saw the note executed, also admitted not knowing whether a seal appeared opposite the name of Krise at the time he signed or whether the latter added it, but testified the note with the seal appeared to be in the same condition as when signed by the parties and he knew nothing of the alleged alteration and did not authorize any one to make or change the obligation in any respect.

Although the addition of a seal after the signature of the maker of a note is such a material alteration as will avoid the instrument (Biery v. Haines, 5 Whar. 563) it is, however, a familiar rule of law that an alteration by a third person, without the knowledge or consent of the parties to the writing, cannot in any way affect the holder's right, nor impair the effect of the instrument in its original form: Kountz v. Kennedy, 63 Pa. 187; Robertson v. Hay, 91 Pa. 242.

While in a proceeding to open a judgment evidence given by defendant showing alteration subsequent to execution of the instrument upon which the judgment is

based, is ample to meet the burden imposed by law upon him to make a good defense by evidence sufficient to justify submission to the jury and to sustain a verdict for defendant, if so found by the jury, it is contended here that the uncontradicted testimony of plaintiff and her witnesses to the effect that the addition of the seal was not made by her or by any one for her, at her request, shifted to defendant the burden of showing who was responsible for its presence on the note.

The rule in this class of cases is that when an erasure, alteration or interlineation appears on the face of an instrument, there is primarily a presumption in favor of innocence and that the change was made before execution: Simpson v. Stackhouse, 9 Pa. 186; Robinson v. Myers, 67 Pa. 9. If the alteration does not appear to be beneficial to the party offering the writing, or if it is opposed to his interest, or if made with the same pen and ink and in the same handwriting as the body of the writing, this presumption remains unchanged. If, however, the alteration is of a material part and is beneficial to the party offering the writing, or if there is a change on the face of the instrument which appears suspicious, the presumption disappears and the burden is on the party offering the writing to explain the alteration to the satisfaction of the jury: Henry's Penna. Trial Ev., page 184, Section 197, and cases cited. In the present case the alleged alteration is material and beneficial to the party offering it, as the seal prevents the running of the statute of limitations as applicable to an unsealed note. According to the testimony of defendant, the addition is in a different handwriting, and was made at a time subsequent to the signing of the paper. While plaintiff does not admit the subsequent alteration, defendant's testimony is not directly denied, plaintiff merely disclaiming all knowledge of the matter, contenting herself with the statement that no alteration was made by her or for her with her authority. Such testimony is wholly insufficient to enable the court to say as matter of law

that she has met the burden and satisfactorily accounting for the altered condition of the writing.    As the evidence at present stands, the real dispute in the case is not so much as to the fact of adding the seal as by whom added, that is, by Krise or by some other person, either with or without his authority, and this question is one of fact for the jury: Martin v. Kline, 157 Pa. 473. Under these circumstances, the court did not abuse its discretion in opening the judgment.

There is no merit in the contention that the petition to open was res adjudicata of the question involved because of the dismissal of a previous rule taken to strike off the judgment.    A judgment can be stricken off only for irregularities appearing on the face of the record.    In the present case, assuming the seal is in a different handwriting, and appeared on its face to have been written subsequent to the other signatures, this is not an irregularity warranting the striking off of the judgment.    The seal may have been written by a third person before the note was signed or subsequently added with the consent of all the parties.    Therefore, no adequate reason exists for making absolute that rule.    While it is true the court might have treated the rule as one to open judgment and proceeded accordingly (Williams v. Notopolos, 247 Pa. 554) it was not bound to do so, and, in absence of a motion to amend made by defendant, the rule was properly discharged, and such order is not in any sense a decision on the merits pleadable in bar of the present proceedings.

Nor can we agree with the contention that defendant was guilty of laches in taking the present rule.    Judgment was entered November 5, 1914, and, on November 28th following, a rule was granted to show cause why the judgment should not be stricken from the record, which rule was discharged September 6, 1916, and September 14, 1916, a petition to open judgment was entered and rule granted thereon.    This state of the record does not indicate laches on the part of defendant.

The judgment of the court below is affirmed.