# Johnstown & Somerset Ry. Co. to use *v.* Hoffman, Appellant.

*Judgment—Opening judgment—Demurrer to petition—Promissory note—Subscription to corporate bonds—Misrepresentations—Laches—Principal and agent—Practice, C. P.—Innocent parties.*

1. It is error to sustain demurrer to petition to open judgment entered on a promissory note, where the petition avers that defendant was induced by plaintiff's agent and by its president to subscribe to plaintiff's bonds by untruthful and misleading representations that the bonds would be sold and the proceeds applied to the payment of the note before it matured, that the note was entered up before maturity, that after maturity the president of plaintiff promised defendant the bonds would be sold six weeks thereafter, and that defendant then waited for three months before filing the petition.

2. The delay of three months was not sufficient to charge plaintiff with unreasonable laches, where no rights of innocent third parties had intervened.

3. Such petition contained sufficient averments to require an answer, and possibly the taking of depositions, to bring the entire transaction before the court.

Argued September 24, 1923. Appeal, No. 63, Oct. T., 1923, by defendant, from order of C. P. Somerset Co., May T., 1922, No. 311, sustaining demurrer to petition to open judgment in case of Johnstown & Somerset Railway Co. to use of First National Bank of Davidsville v. Peter Hoffman. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Reversed.

Petition to open judgment and demurrer thereto. Before Sloan, P. J., specially presiding.
The opinion of the Supreme Court states the facts.
Demurrer sustained. Defendant appealed.

*Error assigned* was, inter alia, order, quoting it.

*Ray Patton Smith,* with him *Francis J. Kooser* and *Ernest O. Kooser,* for appellant.—Defendant was not guilty of laches: Macpherson's Est., 24 Pa. Dist. R. 740; Morrish v. Morrish, 262 Pa. 192.
Contemporaneous parol agreement which formed the inducement to enter into a written obligation may be pleaded in defense to its enforcement: Hoopes v. Beale, 90 Pa. 82; Fidelity &.Casualty Co. v. Harder, 212 Pa. 96; Sidney School Furniture Co. v. School Dist., 158 Pa. 35.

*Clarence L. Shaver,* for appellee.

Opinion by Mr. Justice Frazer, January 7, 1924:
Defendant appealed from a decree of the court below sustaining a demurrer to his petition to open judgment entered on a note given plaintiff, a street railway company, and assigned to the First National Bank of Davidsville, Somerset County, the use-plaintiff.

The petition avers that, on July 26, 1921, Sachs and Newman called on defendant representing themselves as agents of the Equitable Trust Company of New York City and stated they were offering for sale bonds of plaintiff railway company. They informed defendant the trust company was underwriting the bonds and furnishing money necessary to construct plaintiff's railway which would be completed within a year, and, further, that their engineer reported the road to the extent constructed and rights of way procured, exceeded in value the cost to complete the railway to Meyersdale. They proposed that if defendant subscribed for bonds to the amount of $5,000 and executed notes for that sum the obligations would be held by the Equitable Trust Company and used to obtain funds necessary for constructing the road, pending the issue and sale of the company's bonds, and that defendant would not be called on to pay the notes as the bonds subscribed for by him would be sold and the notes cancelled and returned to him. Defendant further avers that relying upon such representations he subscribed for the company's obligations to the amount above indicated and executed two notes in the sum of $2,500 each; that later N. G. Cohen called on him exhibiting a letter purporting to be signed by John A. Berkey, president of the street railway company, requesting defendant to subscribe for an additional $5,000 of the company's obligations, Cohen stating that if defendant did so and executed notes to the amount of his subscription he would not be called on to make payment at their maturity as the bonds would be disposed of previous to the notes becoming due and that a written statement covering such agreement would be given defendant. On the faith of these representations defendant subscribed for an additional $5,000 of bonds and executed two notes, payable to the order of plaintiff company, each in the sum of $2,500. The judgment in this case was entered on one of these latter notes

and for the purpose of opening the judgment the present petition was filed.

In addition to the transactions above referred to between defendant and those representing plaintiff, defendant further avers that, subsequent to September 21, 1921, he interviewed the president of the street railway company and was by him assured that he, defendant, would not be required to pay the note, or any of them, and that the railway company would dispose of the bonds subscribed for and return the notes "soon after May 1, 1922." Notwithstanding this promise, judgment was entered against defendant on the note in question on April 4, 1922. Following argument on the demurrer to the original petition, defendant, by leave of court, filed a supplemental petition averring in substance that Sachs and Cohen were, in fact, agents of the Johnstown & Somerset Railway Company, with full authority to sell the company's bonds and that John A. Berkey was in full and complete control of the company's business affairs and in charge of agents selling its obligations. A supplemental demurrer was filed and the court later entered an order dismissing the petition, basing its action on the ground that defendant, by failing to repudiate the contract within a reasonable time, after having discovered the true situation of the company's affairs, was barred by his laches from asking that the judgment be opened, and must be deemed to have ratified the contract.

This case raised no question as to the rights of intervening creditors or innocent third persons. The note in question bears date September 20, 1921, is payable in six months, and, consequently, became due March 20, 1922. The alleged agreement on the part of plaintiff was to sell the bonds before maturity of the notes; accordingly, no default occurred until the date of maturity. In view of the averment as to the promise by the president of the corporation to dispose of the bonds "soon after May 1, 1922," it cannot, without further informa-

tion, be ruled that defendant was not justified in delaying action until the expiration of a reasonable time after that date. The petition to open the judgment was filed July 28, 1922. Under the circumstances, as the case is now before us, the delay of three months cannot, as a matter of law, be called an unreasonable one, nor can we agree with the court below that such delay necessarily constituted a waiver of the alleged original untruthful and misleading representations made by agents.

The original petition fails to clearly aver the bond salesmen were agents of plaintiff but indicates rather they were agents of the Equitable Trust Company, alleged to be the underwriter of the bonds. This omission was corrected in the supplemental petition, which expressly avers that both Sachs and Cohen were agents of plaintiff railway with express authority to dispose of its bonds.

In our opinion, the petition contains sufficient averments to require an answer and, possibly, the taking of depositions, to bring the entire transaction before the court.

The judgment is reversed, demurrer overruled and the record remitted for further proceedings.