## Abramson, Appellant, v. Getz.

*Judgments—Rule to open judgment—Evidence in support of—Insufficiency.*

A rule to open a judgment obtained on a verdict, taken after the expiration of the term in which it was obtained, will be discharged, unless there was some fraud vitiating the trial.

Argued October 14, 1926. Appeal No. 146, October T., 1926, by plaintiff, from judgment of Municipal Court of Philadelphia, November T., 1922, No. 708, in the case of Samuel Abramson v. Catherine E. Getz. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Assumpsit on written contract. Before BONNIWELL, J.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $658.19. Subsequently the defendant presented a rule to open a judgment which was made absolute. Plaintiff appealed.

*Error assigned,* was the decree of the court.

*Henry Arronson,* and with him *Gabriel D. Weiss,* for appellant. The Court erred in making absolute the rule: Meckes v. Pocono Mountain Water Supply Co., 203 Pa. (1902) 13; Mock v. Edwards, 2 W. N. C. 535; Ward v. Patterson, 33 Del. Co. 429; Kauffman v. Reese, 77 Pa. Superior Ct. (1921) 601; Hill v. Egan, 2 Pa. Superior Ct. 596.

*Frank L. Shallow,* for appellee, cited: Hambleton v. Yocum, 108 Pa. 304; Powell v. Doyle, 77 Pa. Superior Ct. 520; Cronrath v. Border, 27 Pa. Superior Ct. 15; Stauffer v. City of Reading, 206 Pa. 479; Fleming v. Fleming, 83 Pa. Superior Ct. 554.

OPINION BY LINN, J., December 10, 1926:

Appellant complains that his judgment on a verdict was opened several terms after that at which it was entered. Unless there was some fraud vitiating the trial, such judgment may not be opened after the expiration of the term: Powell v. Doyle, 77 Pa. Superior Ct. 520; Fleming v. Fleming, 83 ib. 554.

The order opening the judgment was made on petition and answer; no depositions were taken. We therefore accept the averments of fact as they appear undenied. The averments in her petition convince us that the application to open the judgment is to obtain relief from the effects of defendant's own negligence and this conclusion finds support in her failure to aver other facts which she must know and could have averred if she were not responsible for what occurred. From March 1924, when her then counsel became a judge and withdrew from the case, and new counsel entered his appearance for her, she appears to have done nothing until February term 1925. Her counsel of record, Mr. Wolbert, not only had notice of the trial but it was held at a time agreed to by him, and, when the case was called for trial, according to the petition (on which, by the way, his name appeared as counsel), he was present in court at least long enough to inform the court he had not found his client. That trial then took place—apparently in his absence—on November 24, 1925, with the result stated. Plaintiff was entitled to have his case tried: Meckes v. Water Supply Co., 203 Pa. 13; O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136.

The reason given in defendant's brief to support the opening of the judgment is that "the defendant, through no fault of her own, has been deprived of an opportunity for a fair trial of the issue on the merits."

That suggestion is without proof in the record. Defendant does not say that Mr. Wolbert, whose appear-

ance for her was entered, was not her counsel during the whole period. She knew she was defendant in this suit. If it be true, as is suggested in her petition, (not admitted in the answer and therefore not an element in the problem now) that in November she was still in Atlantic City with her Philadelphia residence closed and for that reason did not receive timely notice of the trial, it is unfortunate but not ground for opening this judgment after the term; it was then too late: Hill v. Egan, 2 Pa. Superior Ct. 596; O'Donnell v. Flanigan, supra; Powell v. Doyle, supra; Fleming v. Fleming, supra.

The order appealed from is reversed; the record is returned with instructions to re-instate the rule to open the judgment and to discharge the same, the costs of this appeal to be paid by appellee.