## Salus et al., Appellants, *v.* Fogel.

Argued December 2, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*M. B. Elwert,* with him *Samuel W. Salus,* for appellants.—The rule should be discharged: Abramson v. Getz, 89 Pa. Superior Ct. 403; Kauffman v. Reese, 77 Pa. Superior Ct. 601; O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136; Hill v. Egan, 2 Pa. Superior Ct. 596; Mathers v. Patterson, 33 Pa. 485; Meckes v. Water Supply Co., 203 Pa. 13.

*J. Montgomery Forster,* with him *Powell & Ludlow,* for appellee.—The power of the trial court to open the judgment did not end with the term.

The judgment was not entered adversely after a hearing or trial: King v. Brooks, 72 Pa. 363; Jackson v. Vanhorn, 1 Dallas 241; Hill v. Egan, 2 Pa. Superior Ct. 596; Stephens v. Cowan, 6 Watts 511; Fitzpatrick v. Bates, 92 Pa. Superior Ct. 114; Brader v. Alinikoff, 85 Pa. Superior Ct. 285; Lance v. Bonnell, 105 Pa. 46.

OPINION BY MR. JUSTICE WALLING, January 5, 1931:

On June 11, 1926, Frank Fogel, the defendant, executed and delivered to one Maurice L. Lewis a promissory note for $4,500, payable forty-five days after date. January 6, 1927, the plaintiffs, Joseph W. Salus et al., brought this action of assumpsit thereon upon the averment that they were bona fide holders thereof for value and before maturity. The affidavit of defense set up, inter alia, failure of consideration and a denial that plaintiffs were bona fide holders of the note for value before maturity. Plaintiffs had the case listed for trial and it was reached in due course on February 19, 1930. Neither the defendant nor his attorney, J. Montgomery Forster, Esq., had any knowledge or notice that the case was so listed or when it was reached for trial, and of course failed to appear. Plaintiffs, as was their right (Meckes v. Pocono Mt. W. S. Co., 203 Pa. 13), had a jury called, offered the note, the execution of which was admitted in the affidavit of defense, and same day took a verdict for $5,464.40, the amount of note and interest. Ten days later, on March 1st, plaintiffs caused judgment to be entered on the verdict. Four weeks thereafter, on March 28th, defendant's attorney discovered the judgment and, one week later, on April 4th, presented the sworn petition of himself and client to open the judgment, setting forth their ignorance both of the case being on the trial list and of the verdict and judgment until March 28th. The attorney averred as a reason for his lack of information the fact that he had recently severed his relation with the firm and offices where he had formerly practiced. Plaintiffs filed an answer averring, inter alia, that as the term at which the judgment was entered had expired the court was without jurisdiction to grant defendant the relief prayed for. Upon due consideration the trial court made absolute the rule to open the judgment and plaintiffs have appealed.

The general rule that a judgment entered adversely upon a question of law found by a court or upon a ques-

tion of fact found by a jury becomes final, when the term ends in which it was entered, is supported by such a multitude of authorities, both English and American, that it cannot be shaken; but we are not persuaded it is conclusive here. The term ended the day the judgment was entered (Saturday, March 1, 1930). Hence, according to plaintiffs' contention, had the application to open been made Monday morning, March 3d, the court would have been powerless to grant relief,—this, regardless of the fact that defendant might have a perfect defense which he failed to interpose solely from an excusable lack of information that the case was listed for trial. If so, he lost his day in court and all opportunity of defense without fault on his part. This should not be held a conclusive judicial determination of his rights. See Windsor v. McVeigh, 93 U. S. 274, 277; Gazzam v. Reading, 202 Pa. 231. Had defendant or his counsel been present at the trial or had either known that the case was coming up, the question would be entirely different. A judgment entered on the last day of the term, under the circumstances here presented, may, in our opinion, thereafter be opened by the trial court where application is, as here, promptly made. In other words, it is within the equity powers of the court to thereafter open a judgment entered on the last day of the term upon a verdict obtained against a litigant in his absence, which absence was occasioned by his ignorance that his case was listed for trial. The instant case is such an extraordinary one as meets the suggestion of the Superior Court in O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136, 139, as sufficient to justify disturbing a judgment after the end of the term. In Pennsylvania Stave Co.'s App., 225 Pa. 178, it is suggested that on sufficient equitable grounds the trial court may interfere with an adverse judgment after the expiration of the term, and in Kantor v. Herd et al., 276 Pa. 519, we hold, in an opinion by Mr. Justice SADLER, that the term—rule

is inapplicable to a statutory judgment. See also Hambleton v. Yocum, 108 Pa. 304. The above cases, while not directly in point, do indicate that there are exceptions to the rule of the finality of an adverse judgment at the end of the term. The control of the court over an adverse judgment after the expiration of the term, however, is equitable and was originally asserted by a bill in chancery: Fisher v. Ry. Co., 185 Pa. 602, an opinion by Mr. Justice MITCHELL. This case also holds that jurisdiction being exceptional, the facts upon which it is based should appear of record, and they do appear in the case at bar. Such jurisdiction can be invoked for fraud or where some other strong natural equity is shown: Cochran v. Eldridge, 49 Pa. 365, 368. That defendant in the instant case lost the opportunity to present his defense through no fault of his own and that the judgment was entered so late in the term that it could not be challenged therein, make a strong appeal to the equitable power of the court and justify the order complained of. Of course, where a judgment is obtained by extrinsic fraud (of which there is here no suggestion), the term rule above stated has no application: McEvoy v. Quaker City Cab Co., 267 Pa. 527; Kauffman v. Reese, 77 Pa. Superior Ct. 601.

Moreover, this rule is applicable only to judgments obtained adversely on questions of law or fact, while a judgment by confession or default remains indefinitely in the power of the court where entered. While the instant judgment may not technically have been one by default (as it was entered on a verdict), it was such in substance, and as defendant had no opportunity to contest it within the term, he should not be concluded as in case of a judgment entered after a contest. An examination of the many cases where judgments have been held final at the end of the term will disclose that they were entered after contests, or at least after the litigant had an opportunity to contest, of which the defendant in the

instant case was inadvertently deprived. No execution was issued on the judgment and its lien on real estate was not affected by letting the defendant into a defense.

The order appealed from is affirmed.