## Rynkiewicz v. McGrath

*Sidney Lappen*, for plaintiff.
*Frank A. Gallagher*, for defendant.

DALTON, J., July 28, 1941.—This action in trespass was originally brought before an alderman, who rendered a default judgment against defendant on Octo-

ber 30, 1939. Defendant appealed to this court but failed to engage counsel, and apparently took no further action until after the case was tried here. On November 9, 1940, a statement of claim was served upon him to which he filed no affidavit of defense. Plaintiff then ordered the case upon the trial list for January term, 1941. At the preliminary call of the list on January 13, 1941, it appeared that defendant was not represented by counsel, whereupon the court, as is our custom and practice, directed counsel for plaintiff to notify defendant that the case was listed for January 27, 1941. Counsel made an effort to do this by sending defendant an unregistered letter to that effect.

When the case was reached for trial on January 27, 1941, neither defendant nor any counsel for him appeared. Plaintiff thereupon proceeded with the trial, as he had a right to do under Pa. R. C. P. 218, without, however, offering any proof that defendant had been notified. The jury returned a verdict in favor of plaintiff in the sum of $305.48. On January 30, 1941, within four days after verdict, counsel appeared for defendant and filed a motion for a new trial assigning six reasons, which may be resolved and reduced to two and briefly stated thus:

(*a*) Plaintiff failed to notify defendant that the case was listed for trial;

(*b*) Plaintiff proceeded to prove the tort and damages without offering proof that notice of trial had been served upon defendant.

Counsel for the respective parties have entered into and filed a written stipulation in which it is agreed, inter alia: "that no notice by registered letter was mailed to defendant notifying him of the trial"; "that plaintiff, if called on depositions, would prove that notice by mail had been sent to defendant"; and "that defendant, if called on depositions, would prove that he did not receive a letter advising him of the trial of his case". The use of the word "prove" in the last-quoted

stipulation of fact constitutes a virtual admission by plaintiff that defendant in fact received no notice. We cannot ignore this stipulation of counsel.

The first question for our consideration is: What notice of trial, if any, is required to be given a party not represented by counsel? Corpus Juris states the rule as follows:

"Except in a few jurisdictions, the parties to a cause, when the court has properly obtained jurisdiction over them, are not entitled to a notice of the trial, or of fixing a day for trial, other than the setting of the case on the docket, unless they are given the right by an applicable statute, rule of court, or order of court": 64 C. J. 41.

We have not been referred to any applicable statute and our local rules of court provide only for posting the trial list in the office of the prothonotary and publishing the same in the official legal newspaper. There is no suggestion that the rules of court have not been complied with in this respect.

It appears that in English practice the plaintiff was bound to give the defendant, if he lived within 40 miles of London, eight days' notice of trial; if he lived at a greater distance, then 14 days' notice; and want of notice was cause for a new trial; 3 Lewis' Blackstone's Commentaries, pp. 357, 387. Possibly with this rule in mind, in the early case of Cecil's Lessee v. Lebenstone, 2 Dallas 95, the court said (p. 96) :

"In *England* the proof of actual notice is required: But, with us, as the Gentlemen of the law are not so numerous, as they live dispersed, and as there are no regular posts, the rigor of that rule is not imposed."

The tendency of the Pennsylvania decisions, rather, has been to regard the trial list as sufficient notice: Whitaker v. Terry, 4 W. N. C. 526; at least where the rules of court have been complied with: Meckes v. Pocono Mountain Water Supply Co., 203 Pa. 13. See also Leader, to use, v. Dunlap et al., 6 Pa. Superior Ct.

243, where the trial list was spoken of as "constructive notice". But even where the case is regularly listed for trial a party will not be denied relief from the results of a lack of actual knowledge of the time of trial if his ignorance is excusable under the circumstances: Salus et al. v. Fogel, 302 Pa. 268; or the result of a bona fide mistake: Giles v. Ryan et al., 317 Pa. 65; but not where it is caused by manifest negligence chargeable to the party himself: O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136.

In the present case, both parties are at fault. Counsel for plaintiff was specifically directed by the court to notify defendant of the time fixed for trial. This was virtually an informal order of court, and it was implicit that in directing notice to be given defendant the court intended such manner of notice as is prescribed generally by our rules of court. Rule 218 provides that, if a party has no attorney of record, notice may be served by mailing a copy thereof, in a registered letter, to such party. This method is not exclusive, but it naturally follows that where service is had by mail it must be accomplished by registered letter. Rule 220 provides for proof of service of the notice by producing a copy of the notice with an affidavit of service thereto attached, indicating the time, place, and manner of such service, and, in addition, if service be made by registered mail, as provided in rule 218, the registered return receipt given by the party served must also be attached to such proof of service. Here, only the ordinary mails were utilized and there was no proof of any service whatever, either by filing an affidavit of record or by offering evidence at the trial. There was in no sense a compliance with the rules of court relating to the manner and proof of service of notices.

On the other hand, defendant has been plainly negligent. Except that he has moved for relief promptly and within the term, his conduct did not differ materially from that of defendant in O'Donnell v. Flanigan,

9 Pa. Superior Ct. 136, supra. In that case defendant consented to the withdrawal of his attorney's appearance and signed a paper to that effect, after which the attorney gave the matter no further attention. Defendant failed to engage another attorney or to take any further steps in the case. The case was called for trial in the absence of defendant and a verdict rendered against him. So far as the record showed defendant's former counsel remained as attorney of record at the time of the trial, and so continued until after judgment had been entered on the verdict and the term of the court had expired. After the expiration of the term, the court, on application of defendant, granted a motion for a new trial nunc pro tunc. This the Superior Court held to be error, saying (pp. 138, 139) :

"It is also averred that the defendant had no notice of the trial and was not represented on that occasion. But, with ordinary diligence the defendant might have ascertained when the case would be tried, and no sufficient reason appears for his failure to do so. The record clearly indicated that both parties were ready for trial and, when reached, the court was warranted in proceeding to verdict and judgment. The consequences of the defendant's delinquency cannot now be cast upon the plaintiff, in any measure, against his protest.

". . . It is his [defendant's] duty to be in attendance at the trial, and neither court nor plaintiff is required to keep him notified of the time set for that purpose. If, after putting the case at issue by a plea, he does not attend the trial, his absence ought not to deprive the plaintiff of a verdict unimpeachable after the term. Otherwise a defendant may trifle with the court and the rights of the plaintiff. Nor do we think the defendant's ignorance of the time fixed for trial sufficient ground for granting a new trial nunc pro tunc. . . . The manifest negligence of the defendant should not be accepted as sufficient to move the court when the motion is made in time, and most certainly not after the term has expired."

In the case before us, defendant himself brought the matter into court. He chose not to be represented by counsel and, for all that appears, gave the litigation no further attention. He was chargeable with notice of the terms of court for the trial of cases and with reasonable diligence could easily have discovered just when his case would be tried. He has offered no explanation as to why he failed to do so, but instead rests his case on the nonreception of notice from plaintiff. If the rules of court had not been violated on the part of plaintiff, we would hold the case of O'Donnell v. Flanigan, supra, to be controlling and refuse the motion for a new trial.

Our rules of court relating to the manner and proof of service of notices, however, exhibit a very definite intention to protect parties who have no attorney of record. Their purpose is to insure actual notice so far as that is reasonably possible, and it is our duty to enforce them where that purpose has been defeated by a disregard of their provisions, even if there is no intentional violation. For this reason, we will award a new trial. But inasmuch as defendant's negligence has contributed to his predicament, we will impose the condition that he first pay all costs: Reed v. Schwaneberg, 23 Dist R. 490; Reiber v. Boos et al., 110 Pa. 594.

We need not discuss defendant's further contention that plaintiff should have been required to prove that defendant had been notified before proceeding to trial on the merits. Pa. R. C. P. 218 is silent in this respect, but in view of the custom of this court and the provisions for proof of service in our local rule 220, proper practice, in this court at least, should require plaintiff to submit some proof of notification.

And now, July 28, 1941, the motion for a new trial is granted upon condition that defendant pay all costs to this date within 15 days of the date of this order. Otherwise, the motion is overruled.