Windber Trust Company, Appellant, *v.* Evans.

418

Argued April 14, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Edward F. Peduzzi* and *Paul E. C. Fike,* with them *Myers, Taylor & Peduzzi,* and *Fike and Cascio,* for appellant.

*Wallace Louis Coppersmith,* with him *McWilliams, Margolis & Coppersmith,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1960:

This is an appeal from an order opening a judgment entered on a "note and Security Agreement" used to finance an automobile purchased by appellee from Hall-man Chevrolet. The instrument provided for the entry of judgment by confession after default, and also contained the following provision:

"Debtor warrants that title and lawful possession of said goods are in debtor, free from all encumbrances except the security agreement, . . ."

The loan of $2700.00 made by appellant to appellee was originally intended to cover a particular model of car but when it was found that such model was not available appellee purchased one costing $300.00 more, which was substituted as the automobile covered by the security agreement. Payment for the automobile was made by appellee to the seller by transferring the proceeds of his $2700.00 loan from appellant and executing a note to seller for $390.00, being the $300.00 difference plus $90.00 taxes and interest.

The controversy arose when the certificate of title issued by the Commonwealth showed two encumbrances, one in favor of appellant for $2700.00 and the other in favor of Hallman Chevrolet for $390.00. The opinion of the lower court states the subsequent incidents as follows:

"Thereafter, plaintiff [appellant] informed Hallman as well as defendant that this was a violation of its note and security agreement. We are satisfied from the testimony that this is the first time defendant had knowledge that his security agreement with plaintiff had been violated by Hallman placing a second lien or encumbrance on the Certificate of Title. Both plaintiff and defendant requested Hallman to release its encumbrance and, at first, Hallman refused to do so. However, on September 11, 1958, Hallman's attorney called plaintiff and found that plaintiff was insisting that the Hallman encumbrance be removed from the Certificate of Title. The attorney promptly called Hallman which advised him that it would release its lien and the next day, September 12, 1958, the attorney called plaintiff and advised it that Hallman was willing to release. However, Hallman's attorney was informed by plaintiff that it had already placed its note and security agreement in the hands of its attorney with instructions to enter judgment and issue execution. Plaintiff refused to recall its attorney in spite of the

fact that Hallman had agreed to remove its encumbrance. Accordingly, judgment was entered, execution issued and defendant's automobile was levied upon and sold by the sheriff."

The automobile and certain contents placed therein by appellee were sold by the sheriff on September 30, 1958, and were purchased for costs and storage fees by appellant who resold the automobile for $2300.00.

On December 5, 1958, appellee filed his petition to open the judgment but had taken no previous legal action to stay the sale. The reasons alleged in the petition for opening the judgment are: (a) the second lien was placed on the auto through inadvertence and without defendant-appellee's knowledge; (b) the holder of the second lien offered to release same before the judgment was entered; and (c) the default on the note was technical and subject to correction.

Appellant raises three questions on this appeal:

(a) Did the lower Court abuse its discretion in opening the judgment more than two months after the sheriff sale when appellee was fully informed about same?

(b) Was the doctrine of substantial performance properly invoked by the lower court?

(c) Did the evidence justify the opening of the judgment?

In answering the first question, we find no abuse of discretion on the part of the lower court. There is no time limit on the exercise of the power of a court to open a judgment by confession. *Salus v. Fogel,* 302 Pa. 268, 153 A. 547; *Markeim-Chalmers-Ludington, Inc. v. Mead,* 140 Pa. Superior Ct. 490, 14 A. 2d 152; *Dormont Motors v. Hoerr,* 132 Pa. Superior Ct. 567, 1 A. 2d 493; *Rome Sales & Service Station v. Finch,* 120 Pa. Superior Ct. 402, 183 A. 54. The doctrine of laches may be applied to the opening of a judgment when the delay is unreasonably long and unexplained but delays of three

months in *Johnstown & Somerset Ry. Co. v. Hoffman,* 278 Pa. 314, 123 A. 302, six months in *Austen v. Marzolf,* 294 Pa. 226, 143 A. 908, two years in *Bowman v. Berkey,* 259 Pa. 327, 103 A. 49, and four years in *Jamestown Banking Co. v. Conneaut Lake Dock & Dredge Co.,* 339 Pa. 26, 14 A. 2d 325, have not prevented the action. The decision on the application of the laches doctrine is for the tribunal entertaining the proceeding. *Miller Bros. v. Keenan,* 94 Pa. Superior Ct. 79. Nor is the fact that an execution has been issued a bar. See *Markeim-Chalmers-Ludington v. Mead* (supra), wherein a judgment was stricken after a judgment in execution attachment had been procured thereon.

In approaching the second question, it might be well to restate the issue raised by the petition to open. It may be restated thusly: Was there a substantial performance by appellee of his contract with appellant which nullified the technical default occasioned by the inclusion on the certificate of title of the second lien in favor of Hallman before judgment was entered? The lower court applied the rule found in Restatement, Contracts, §274, and we approve of his application of it by adopting that part of his opinion concerning the subject:

"It is clear that only a material failure of performance by one party discharges the other party to a contract. An immaterial failure does not operate as a discharge. Restatement of Contracts, Sec. 274; Sgarlat vs. Griffith, 349 Pa. 42, 46. The rules for determining the materiality of a failure fully to perform a promise are set forth in Sec. 275 of the Restatement as follows:

" 'a. The extent to which the injured party will obtain the substantial benefit which he could have reasonably anticipated; (b) The extent to which the injured party may be adequately compensated in damages for lack of complete performance; (c) The extent to

which the party failing to perform has already partly performed or made preparations for performance; (d) The greater or less hardship on the party failing to perform in terminating the contract; (e) The wilful, negligent or innocent behavior of the party failing to perform; (f) The greater or less uncertainty that the party failing to perform will perform the remainder of the contract.'

"The doctrine of substantial performance has been developed by the Courts as an instrument of justice and the law does not favor forfeitures. Schlein vs. Gross, 186 Pa. Super. Ct. 618, 624.

"In our opinion the breach was not material. Before judgment was entered and execution issued, an offer to cure the breach was made to plaintiff so that it would have obtained the full benefit to which it was entitled. Hallman had already agreed that the second encumbrance would be removed and notice of such agreement was given to plaintiff before plaintiff entered judgment and issued execution, so that preparations for performance had been completed. If plaintiff had permitted Hallman to remove the lien, the parties would have been in exactly the same position as contemplated by the contract and there would have been no hardship whatever on plaintiff. As it is now defendant has no automobile, he owes Hallman $390.00 and plaintiff is insisting upon recovery of a deficiency judgment from the sale of the car. Moreover, we are satisfied that the failure of defendant to see to it that no second encumbrance was placed upon the automobile was completely innocent."

Appellant at the oral argument offered to satisfy the judgment but this would not restore the defendant-appellee to the position he was in had it not been entered. Therefore, such offer does not suffice.

The last question relates to the sufficiency of the evidence. Sufficient evidence is to be found in the

record to establish the fact that an offer to remove the encumbrance was made to appellant before its declaration of default was filed and the judgment entered and that appellant refused the offer.

Since this judgment could be entered only after default, and the evidence, if believed, is sufficient to prove that the default had been overcome before the judgment was entered, we find no abuse of discretion on the part of the lower court in opening the judgment and permitting the appellee to file his defense thereto.

Decree affirmed.

GUNTHER, J., dissents.