## Stush v. Ciliberto

*Joseph V. Kasper,* for plaintiff.
*J. Earl Langan,* for defendant.

D'ALLESSANDRO, *J.,* February 26, 1975—This matter comes before the court on defendant's petition to open a confessed judgment.

### HISTORY AND FACTS

On January 28, 1972, plaintiff filed a complaint for judgment by confession under a written instrument claiming the sum of $1,400 was due on a $2,400 contract for concrete work. On the same day, notice of the entry of the judgment was mailed to defendant. Execution was issued on June 13, 1973. On July 27, 1973, defendant obtained a rule to show cause why the judgment should not be opened. An answer was filed and depositions were taken.

## DISCUSSION

A judgment by confession is subject to be opened in a proper case, (7 Standard Pa. Practice (Revised) §38, p. 46, n. 12 and cases cited therein) and the proceeding is addressed to the sound discretion of the court which acts upon equitable principles: Goble v. S. Klein, 430 Pa. 93 (1968); Walters v. Harleysville Mutual Casualty Co., 417 Pa. 438; Richey v. Gibboney, 154 Pa. Superior Ct. 1; Sanctis v. Lagerbusch, 213 Pa. Superior Ct. 483; Morgan v. Novak, 63 Luz. L. Reg. 177 (1973).

The judgment will not generally be opened unless petitioner (1) presents a valid ground or basis for attack upon the judgment (Ehnes v. Wagner, 388 Pa. 102; 7 Standard Pa. Practice (Revised) §44); (2) shows a meritorious defense (Emperee v. Meyers, 440 Pa. 430; 7 Standard Pa. Practice (Revised) §76); and (3) acts promptly: Crown Const. Co. v. Newfoundland Am. Ins. Co. Ltd., 429 Pa. 119; 7 Standard Pa. Practice (Revised) §81.

The degree of proof required to move a court to exercise its discretion to open a judgment is stated in 7 Standard Pa. Practice (Revised) §128, p. 152, as follows:

". . . if the testimony taken would be sufficient to justify the submission of the question to the jury and to sustain a verdict in petitioner's favor, the court may, in its discretion, and perhaps should, make an order to open the judgment."

It is the opinion of this court that defendant has met this burden of proof.

The right to confess judgment in this case is conditioned upon defendant's failure to make payment as set forth in the contract. Judgment was entered

due to his alleged default in making a payment of $1,400 which, under the terms of the contract, was to be paid upon completion. The depositions raise factual questions as to whether plaintiff completed the work and whether the work performed was done in a proper, workmanlike manner.

Performance of a contract in an improper, unworkmanlike, and defective manner is an equitable ground for relief and a meritorious defense: Hoffman v. Winston, 86 Pa. Superior Ct. 130; Enterprise Home Const. Co. v. Gibson, 86 Dauph. 384; 20 P.L.E. Judgment Section 44, p. 184, 185. Where a confession of judgment is conditioned upon a default, a showing that such a default did not occur is a proper ground for opening a judgment: Miller v. Michael Morris, Inc., 361 Pa. 113.

The final condition to be met is that defendant must act promptly to prevent the bar of laches. There is no absolute time period fixed within which defendant must proceed: Salus v. Fogel, 302 Pa. 268. The decision on the application of the laches doctrine is within the discretion of the court entertaining the proceeding and relief can be granted where the delay has caused no injury or prejudice to the creditor: Joseph Melnick Bldg. & Loan Assn. v. Melnick, 361 Pa. 328; Vallish v. Rapoport, 364 Pa. 25.

Delays of three months (Johnstown & Somerset Ry. Co. v. Hoffman, 278 Pa. 314), four months (James v. Silverstein, 224 Pa. Superior Ct. 489), six months (Austen v. Marzolf, 294 Pa. 226), two years (Bowman v. Berkley, 259 Pa. 327), and four years (Jamestown Banking Co. v. Conneaut Lake Dock & Dredge Co., 339 Pa. 26), have not barred opening a judgment. In the present case, six months elapsed

within which defendant did nothing to protect his rights. However, there is no evidence that any injury or prejudice has resulted to plaintiff, and this court accordingly holds that the doctrine of laches does not bar the opening of this judgment.

Plaintiff claims that defendant's petition to open the judgment does not allege a meritorious defense in explicit terms. It is true that the defense must be set forth in "precise, specific, clear and unmistakable terms.": Brown & Bigelow, Inc. v. Borish, 165 Pa. Superior Ct. 308. Plaintiff relies on Levins Reliable Furniture Store v. Alba, 51 Luz. L. R. 153. In that case, the defense pleaded was that ". . . the furniture delivered to them was not a certain quality and serviceable as warranted by the plaintiff. . . ." That court's examination of the depositions revealed that defendant continued making monthly payments and did not complain about the furniture until 19 months after it was delivered. The deposition in the present case clearly expanded on the alleged defense. The facts of Levin are very different than here.

## ORDER

It is hereby ordered and decreed that

(1) The rule against plaintiff to show cause why his judgment against defendant should not be opened and defendant allowed to file an answer or other pleading within 20 days is made absolute.

(2) The judgment entered by plaintiff against defendant on January 28, 1972, in the amount of $2,400 is hereby opened.

(3) Defendant is allowed 20 days from the date of this order to file an answer or any other pleading he deems appropriate.