393 A.2d 698

**KEYSTONE BANK, Appellee,**

**v.**

**The FLOORING SPECIALISTS, INC., Philip E. McCosby and Virginia L. McCosby, his wife, and Anthony A. DeRubeis and Geraldine M. DeRubeis, his wife.**

**Appeal of Anthony A. DeRUBEIS and Geraldine M. DeRubeis.**

Superior Court of Pennsylvania.

Argued Nov. 22, 1977.

Decided Oct. 20, 1978.

26

Maurice A. Nernberg, Jr., Pittsburgh, with him John M. Walsh, Pittsburgh, for appellants.

Abraham Fishkin, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from the lower court's refusal to issue a rule to show cause why judgment against appellant should not be opened and execution stayed. Since a rule to show cause never issued, no hearing was held, which complicates our task of determining whether the court abused its discretion. The sole basis for the court's decision, which it rendered entirely upon the petition for the rule and the answer thereto, was that too much time had elapsed following the entry of the judgment against appellant to permit its being opened. At least on the current state of the record and the averments set forth in appellant's petition, we disagree and will remand for a hearing on the rule.

The relevant "facts," assuming that appellants will be able to prove their averments at the hearing, are as follows. On three separate occasions from December, 1965 through January, 1967, appellants, Anthony and Geraldine DeRubeis, executed judgment notes in favor of appellee, Keystone National Bank. The notes were co-endorsed by The Floor-

ing Specialists, Inc., Philip McCosby (its President) and his wife, as well as by Mr. and Mrs. DeRubeis. Mr. DeRubeis claims that, although he was Vice-President of Flooring Specialists, he held no stock in the corporation. The notes were in consideration for loans which Keystone National Bank extended to the business which, apparently, did not fare well. Mr. DeRubeis soon thereafter left the employ of Flooring Specialists and Keystone confessed judgments on the notes against all the co-signers in September, 1967. Mr. and Mrs. DeRubeis were not notified that said judgments had been confessed.

In August, 1972 Keystone Bank released certain real property owned by Mr. and Mrs. McCosby from the lien of the judgments in return for their payment of money on account, and the McCosbys sold the property. Mr. and Mrs. DeRubeis had not been informed of this release when the judgments were revived in January, 1973, and they did not appear in court to defend against the revival although they had been served with the writs of revival by the sheriff.

Matters again laid dormant until December 9, 1976 when Mr. and Mrs. DeRubeis received notice that their property was to be sold at sheriff's sale. Shortly thereafter counsel for appellants filed the petition to show cause why the judgments should not be opened and execution stayed. Following the filing of Keystone's answer, the court below found appellant's petition inadequate on its face. In its opinion the court indicated that appellants should have petitioned to open the judgments when they received notice of their revival in 1973. We find that the record at this time is insufficient to warrant that conclusion.

A petition to open a judgment appeals to the equitable powers of the court and should be granted when three factors coalesce: (1) The petition has been promptly filed; (2) A meritorious defense is presented; and (3) The failure to respond previously can be excused. See, e. g., *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). In

the instant case the court did not reach the question of whether appellant's defense might be meritorious as, indeed, we are unable to do on the current state of the record. The court reasoned only that the delay was too long in filing the petition. However, the first record notice which appellants received concerning the judgments was the service of the writs of revival, in January of 1973, and the court treated January 26, 1973 as the effective date of entry of the judgments against Mr. and Mrs. DeRubeis. However, there is a critical difference between taking a judgment and reviving a judgment previously taken.[1] As this author wrote in *Green Ridge Bank v. Edwards*, 247 Pa.Super. 231, 372 A.2d 23, 27–28 (1977):

"The purposes of revival are to maintain the lien of a judgment, revive the lien of a dormant judgment, maintain a judgment as ripe for execution, or ripen a dormant judgment for execution. Since presumptions of payment, albeit rebuttable presumptions ordinarily, arise with the lapse of time, it is readily apparent that . . . revival, is necessary principally to avoid such presumptions which would otherwise deny a judgment creditor the benefit of the record . . . . In short, revival is nothing more than a procedural device to refresh a stale record, and the inquiry at such proceedings should be limited to whether anything [was] transpired *since the judgment was entered* which affects its revival." [Footnotes omitted.] *Green Ridge Bank v. Edwards*, 247 Pa.Super. 231, 372 A.2d 23, 27–28 (1977) (Cercone, J., concurring).

The matters which appellants could have raised at the revival proceedings were limited to events which had transpired since the entrance of the judgments. Of course, one such event may have been the release which Keystone granted to appellants' co-signers on the notes, Mr. and Mrs.

1. It should be recalled that, apparently, Mr. and Mrs. DeRubeis had not received record notice that the judgments were going to be confessed in 1967. See 8 Goodrich-Amram 2d § 2950:2 (1977).

McCosby, and which appellants now aver as a meritorious defense.[2] But, appellants maintain that they were unaware of that release at the time the judgments were revived, and at least imply that they did not learn of 'the release until much later. Thus, the only defense appellants could have raised at revival proceedings was one which they, allegedly, were not then aware of. Since this explanation may have excused their failure to challenge the revival of the judgments previously, the court erred in not permitting appellants a hearing at which Mr. and Mrs. DeRubeis might have presented evidence to excuse their delay, as well as evidence in support of their allegedly meritorious defense. Cf. *Jamestown Banking Co. v. Conneaut Lake Dock & Dredge Co.,* 339 Pa. 26, 14 A.2d 325 (1940). This is especially true in the instant case because the underlying judgments which were revived had been entered by confession without notice to appellants. Hence, the court should have afforded a wider berth to appellants in their effort to show why the judgments should be opened and execution stayed. See *Funds for Business Growth, Inc. v. Maraldo,* 443 Pa. 281, 287–88, 278 A.2d 922 (1971); *Windber Trust Co. v. Evans,* 192 Pa.Super. 417, 421, 161 A.2d 664 (1960).

For the foregoing reasons, the order of the court below is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

JACOBS, President Judge, concurs in the result.

VAN der VOORT, J., dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

2. Although, imposing, appellee denies this is a defense, the question is not otherwise argued in its brief. Coupled with the fact that the court below did not reach this issue that prevents our employing it as an alternative basis for affirming the lower court's order. See generally 3 Vale's Pa.Digest, Appeal & Error ⬤➝854 (1966).